**This version includes an errata dated 20Dec04 - e**

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1282

FAUNDA R. HATCH, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued October 5, 2004                              Decided    December 2, 2004   )

*Kenneth M. Carpenter*, of Topeka, Kansas, argued the cause, and *Denton M. Hatch*, of Spanish Fork, Utah, was on the pleading for the appellant.

*Erika E. Liem*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Brian B. Rippel*, Deputy Assistant General Counsel, all of Washington, D.C., were on the pleading for the appellee.

Before IVERS, *Chief Judge*, and KASOLD and HAGEL, *Judges*.

KASOLD, *Judge*: Mrs. Faunda Hatch, the surviving spouse of World War II veteran Myron Hatch, appeals through counsel from a May 13, 2003, Board of Veterans' Appeals (Board) decision that denied her claim for enhanced dependency and indemnity compensation (enhanced DIC) under section 1311(a)(2) of title 38, United States Code. The Board denied her claim on the basis that her husband had not been evaluated as 100% disabled as a result of a service-connected disability for at least eight continuous years prior to his death. Mrs. Hatch seeks reversal and argues that (1) there is a reasonable medical probability, based on a medical opinion obtained after Mr. Hatch's death, that he was totally disabled for the eight years prior to his death, and (2) the Board was required under *Hix v. Gober*, 225 F.3d 1377 (Fed. Cir. 2000) [hereinafter *Hix II*], to consider that newly acquired medical opinion and determine de novo whether Mr. Hatch "hypothetically" could have been

awarded a 100% disability rating for the eight years prior to his death. Mrs. Hatch further argues that her claim is an independent claim that is not dependent on the benefits that her husband had been receiving. The Secretary urges the Court to affirm the Board's decision and argues that the Board correctly relied upon a VA General Counsel precedent opinion that precluded consideration of evidence not contained within the veteran's claims file. He further argues that the Board correctly denied the enhanced DIC claim because Mr. Hatch had not submitted his claim for service connection eight or more years prior to his death and had not been rated as 100% service-connected disabled for the eight years immediately preceding death. The Secretary additionally argues that the Board considered all relevant evidence of record and provided an adequate statement of reasons or bases for its findings and conclusions. For the reasons set forth below, the Court will set aside the decision of the Board and remand the matter for further proceedings consistent with this opinion.

## I. BACKGROUND

Mr. Hatch served in the United States Army from October 1943 to March 1946. Record (R.) at 18. On June 6, 1994, he filed a formal claim for service connection for, inter alia, post-traumatic stress disorder (PTSD) (R. at 78-81); the claim was granted by a VA regional office (RO) and a 10% disability rating was assigned initially (R. at 147-49) and subsequently increased to 70%, effective as of the date of his original claim (R. at 202-07). In August 1999, the RO granted an increased rating to 100%, effective July 27, 1998, the date on which Mr. Hatch had submitted his claim for an increased rating. R. at 248-50. Mr. Hatch died on December 23, 2001. R. at 267.

In January 2002, Mrs. Hatch submitted a claim for death benefits as the surviving spouse. R. at 261-65. Later that same month, the RO granted, inter alia, service connection for Mr. Hatch's cause of death, entitling Mrs. Hatch to regular dependency and indemnity compensation (regular DIC), but the RO denied entitlement to enhanced DIC. R. at 256-59. Mrs. Hatch appealed the denial of enhanced DIC to the Board. R. at 294. Thereafter, Mrs. Hatch submitted to the Board a June 2002 letter from Dr. Dawson Hedges, who stated his belief, based on his prior evaluations of Mr. Hatch, "that there is a reasonable medical probability that Myron Hatch had a total service-connected disability eight years prior to his death." R. at 311. The Board denied Mrs. Hatch's claim because Mr. Hatch had not been rated by VA as 100% disabled for his service-connected PTSD for the eight

2

years immediately preceding his death. R. at 10-12. In denying the claim, the Board refused to consider the newly presented evidence from Dr. Hedges because the Board was bound by VA General Counsel Precedent Opinion 9-2000 (Dec. 8, 2000), which opined that an enhanced DIC claim could not be awarded based on new evidence submitted after the death of a veteran. R. at 8-13. This appeal followed.

## II. ANALYSIS

As an initial matter, the Court will address the question of whether this case is affected by a stay the United States Court of Appeals for the Federal Circuit issued in *National Orgization of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs*, 314 F.3d 1373, 1381-82 (Fed. Cir. 2003) [hereinafter *NOVA II*]. In *NOVA II*, the Federal Circuit stayed the processing of claims for enhanced DIC benefits where a surviving claimant sought to reopen a deceased veteran's previously and finally denied claim for service connection with total disability rating on the grounds of new and material evidence. *Id*. In the instant case, during oral argument, counsel for both parties agreed that the stay does not affect these proceedings because Mrs. Hatch's claim for enhanced DIC was not an attempt to reopen her husband's claim; rather, it was an independent claim of her own (albeit, in the view of the Secretary, dependent on Mr. Hatch's claim). The Court agrees with the parties that, for the reason they submit, the proceedings in this case are not stayed.

It is important to summarize the history of the relevant law in effect during the pendency of this claim. Section 1311(a)(2) provides surviving spouses with an enhancement to the regular DIC entitlement in the case of "a veteran who at the time of death was in receipt of ***or was entitled to receive*** . . . compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death." 38 U.S.C. § 1311(a)(2) (emphasis added). This Court has interpreted the "or was entitled to receive" language of section 1311(a)(2) as permitting a complete review of the veteran's file and a determination de novo of whether the veteran hypothetically was entitled to benefits sufficient to warrant enhanced DIC for the surviving spouse. *Hix v. West*, 12 Vet.App. 138 (1999) [hereinafter *Hix I*]; *Pardue v. West*, No. 97-1789, 1999 WL 79512 (Vet. App. Feb. 8, 1999), *aff'd*, *Hix II*, *supra*. The Secretary appealed *Hix I* and *Pardue* to the Federal Circuit, which consolidated the cases in rendering its decision in *Hix II*.

3

The Federal Circuit affirmed both cases, holding that claimants may establish entitlement to enhanced DIC benefits by showing that the veteran was hypothetically entitled to receive a total disability evaluation for the requisite period of time on the basis of a "*de novo* determination of the veteran's disability, upon the entirety of the record *including any new evidence presented by the surviving spouse*." *Hix II*, 225 F.3d at 1380-81 (latter emphasis added). This was the first explicit judicial pronouncement that new evidence could be presented to the Secretary for consideration in a surviving spouse's claim for enhanced DIC. The Court, however, notes that *Pardue* involved the situation where the surviving spouse, after her veteran-husband's death, testified that the veteran had been a "very, very sick man" and further submitted to the RO new medical evidence and lay statements in support of her claim for enhanced DIC. *See Pardue*, 1999 WL 79512, at *2.

After the Federal Circuit issued its *Hix II* decision, the VA General Counsel issued a precedent opinion, which opined that the language in *Hix II* regarding the consideration of new evidence presented by a surviving spouse in support of an enhanced DIC claim was "obiter dictum" and therefore not binding on the Secretary. VA Gen. Coun. Prec. 9-2000 (Dec. 8, 2000) [hereinafter G.C. Prec. 9-2000]. The Board, in the case at bar, relied upon this precedent opinion in denying Mrs. Hatch's enhanced DIC claim. R. at 8-13.

Also subsequent to the Federal Circuit's *Hix II* decision, the Secretary modified § 3.22, of title 38, Code of Federal Regulations, the regulation implementing section 1318(b) of title 38, United States Code. Section 1318(b) governs the provision of benefits for survivors of veterans who died from ***non***-service-connected causes and at the time of death were "in receipt of or entitled to receive" disability compensation for service-connected disabilities rated as totally disabling. Section 1318(b) contains the same "or was entitled to receive" language as section 1311(a)(2) (in terms of the duration of total disability resulting from service-connected disability), the section at issue in *Hix II* and herein. The Secretary's modification, inter alia, revised § 3.22 to define expressly the phrase "entitled to receive" as limited to the situation where benefits were not awarded "due solely to clear and unmistakable error [CUE]" by the agency, thus preventing the use of newly presented evidence to establish a hypothetical entitlement to DIC under section 1318 in the place of the actual entitlement. *See* 65 Fed. Reg. 3,388, 3,391 (Jan. 21, 2000); *see also Livesay v. Principi*, 15 Vet.App.

4

165, 173-74 (2001) (en banc) (quoting and following standards set forth in *Russell v. Principi*, 3 Vet.App. 310, 313 (1992) (en banc)*, for allegations of CUE in a Board decision).

This regulatory change was challenged directly in the Federal Circuit in *National Organization of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs*, 260 F.3d 1365 (Fed. Cir. 2001) [hereinafter *NOVA I*]. In that case, the Federal Circuit generally recognized the authority of the Secretary to interpret statutes and implement regulations, but it found the regulatory changes to § 3.22 to be inconsistent with § 20.1106, title 38, Code of Federal Regulations, which provided that claims for enhanced DIC benefits under section 1311(a)(2) "will be decided without regard to any prior disposition of those issues during the veteran's lifetime." *See NOVA I*, 260 F.3d at 1379. The Federal Circuit stayed the processing of all claims for benefits under section 1318(b) and directed the Secretary to harmonize his regulations under these sections or provide a reasonable explanation why he chose to interpret the "entitled to receive" language in section 1318(b) in a manner inconsistent with the same language in section 1311(a)(2). *Id.* at 1380-81. In response to *NOVA I*, the Secretary attempted to harmonize his regulations by modifying § 20.1106 to require expressly the adjudication of claims for enhanced DIC to be dependent on and constrained by prior adjudications of the veteran's claims, thereby making adjudications of claims under both sections 1311(a)(2) and 1318(b) subject to the veteran's prior claims, if any. *See* Board of Veterans' Appeals Rules of Practice: Claim for Death Benefits by Survivor, 67 Fed. Reg. 16,309, 16,317 (April 5, 2002).

The regulatory change to § 20.1106 was challenged directly in the Federal Circuit in *NOVA II*. In that decision, the Federal Circuit again generally recognized the authority of the Secretary to interpret statutes and promulgate regulations. The Federal Circuit, however, rejected the Secretary's argument that the "entitled to receive" language in section 1311(a)(2) was unambiguous, and specifically stated that the issue had been decided in *Hix II* and could not be revisited. *NOVA II*, 314 F.3d at 1378. The Federal Circuit further held, upon review of the amended § 20.1106, that the Secretary had failed in his obligation under *NOVA I* to harmonize the regulations under sections 1311(a)(2) and 1318(b), and the Federal Circuit vacated the changes to § 20.1106. *See NOVA II*, 314 F.3d at 1381. With regard to Mrs. Hatch's claim for enhanced DIC, the state of the law reverted back to a conflict between (1) the holding in *Hix II* that enhanced DIC claims under section

1311(a)(2) could be adjudicated on new evidence submitted posthumously and, under § 20.1106, "without regard" to prior adjudications of the veteran's claims, and (2) G.C. Prec. 9-2000, which barred consideration of new evidence.

In the case on appeal, the Board based its denial of Mrs. Hatch's claim on the fact that it was bound by G.C. Prec. 9-2000, which had rejected as obiter dictum the language in *Hix II* that required the Secretary to accept newly submitted evidence to prove an enhanced DIC claim based on a veteran's hypothetical entitlement to benefits. It is well established that, although the Board is bound by the precedent opinions of the VA General Counsel, this Court is not so bound. *See Theiss v. Principi*, 18 Vet.App. 204, 210 (2004); *Cottle v. Principi*, 14 Vet.App. 329, 335 (2001); *Sabonis v. Brown*, 6 Vet.App. 426, 429 (1994); *see also* 38 U.S.C. §§ 7104(c), 7261. The Court reviews the Secretary's interpretation of law de novo. *See Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc).

The Secretary argues that this Court should disregard the purported dictum in *Hix II*. We disagree because the language in *Hix II* at issue here is not dictum. Although "[n]o controlling precedent can arise from dictum on a question not before the court," *Sullivan v. Dept. of Navy*, 720 F.2d 1266, 1279 (Fed. Cir. 1983), "[w]hen an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996); *see also Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) (holding that this Court is bound by Federal Circuit precedent). In *Pardue*, the companion case in *Hix II*, the claimant sought enhanced DIC benefits although the veteran had never been awarded service connection, and the Federal Circuit remanded for consideration of new evidence, posthumously submitted, that related to the veteran's medical and employment history. *Pardue*, 1999 WL 79512, at *2. Accordingly, the *Hix II* decision rested, at least in part, on the facts of *Pardue*, and we hold that the requirement of *Hix II* that VA adjudicate a claim for enhanced DIC based on a review of the evidence of record, "including any new evidence presented by the surviving spouse," cannot be dictum.

Finally, in *NOVA II*, when the Secretary attempted to relitigate the question whether the "entitled to receive" language in section 1311(a)(2) was unambiguous, the Federal Circuit explicitly rejected the Secretary's implicit argument that the Federal Circuit had erred in *Hix II* in its

interpretation of that language, thus implicitly affirming its holding in *Hix II*. *See NOVA II*, 314 F.3d at 1378. This Court is bound by *Hix II*, and the issue cannot be relitigated here. *See Bethea*, *supra*.

Because the VA General Counsel erroneously rejected the holding of *Hix II* as dictum, G.C. Prec. 9-2000 is invalid and without force or effect. *See Snyder v. Principi*, 15 Vet.App. 285, 292 (2001) (invalidating General Counsel precedent opinion that is "plainly in conflict with [the caselaw]"). Although the Board was correct to adjudicate Mrs. Hatch's claim under G.C. Prec. 9-2000, *see Theiss*, *Cottle*, and *Sabonis*, all *supra*, because the Court herein invalidates that precedent opinion the Board's decision in reliance upon it cannot stand. *See Butts*, *supra*; *see also* 38 U.S.C. § 7261(b)(2).

The Secretary also argues that Mrs. Hatch is not entitled to enhanced DIC because her husband filed his claim less than eight years immediately preceding his death, and an effective date of a claim can be no earlier than the date on which the claim is filed or the date entitlement arose, whichever is later. *See* 38 C.F.R. § 3.400(b)(2) (2003). This argument is subsumed in and foreclosed by the Federal Circuit's holding that a surviving spouse's claim for enhanced DIC does not rely upon a prior adjudication of a veteran's claim for disability benefits and must be adjudicated based upon a "*de novo* determination of the veteran's disability." *Hix II*, 225 F.3d at 1379-81; *see also* 38 C.F.R. § 20.1106 (2001) (surviving spouse's claim for death benefits "will be decided without regard to any prior disposition of those issues during the veteran's lifetime"). Thus, Mrs. Hatch's claim for enhanced DIC must be adjudicated de novo, without consideration of the effective date of her husband's prior grant of service connection for PTSD or the date of the original claim therefor.

### III. REMEDY AND CONCLUSION

Mrs. Hatch seeks reversal with the Court directing the award of enhanced DIC benefits; however, the Secretary has not addressed the quintessential question of fact: Is the evidence contained in the newly submitted medical report sufficient to conclude that Mr. Hatch hypothetically would have been entitled to a 100% service-connected disability rating for the entirety of the eight years immediately preceding his death? Such factual determinations cannot be made by this Court in the first instance. *See Thompson v. Gober*, 14 Vet.App. 187, 188 (2000); *see also* 38 U.S.C.

7

§ 7261(c).  Accordingly, the decision of the Board will be set aside and the matter remanded for readjudication consistent with this opinion.  *See Bucklinger*, *supra*; *see also* 38 U.S.C. § 7261(a)(3)(A).

On remand, Mrs. Hatch may present any additional evidence and argument in support of the matters remanded, and the Board must consider any evidence and argument so presented.  *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002).  The Court expects that the Secretary will provide expeditious treatment of this matter on remand.  *See* 38 U.S.C. § 7112.

SET ASIDE and REMANDED.