# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-322

GLENN H. JACKSON, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued May 19, 2005                               Decided      July 1, 2005 )

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Rebecca Ahern Baird*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, LANCE, and DAVIS, *Judges*.

HAGEL, *Judge*: Before the Court is Glenn H. Jackson's appeal from a January 9, 2003, Board of Veterans' Appeals (Board) decision in which the Board denied entitlement to an effective date earlier than October 18, 2000, for a grant of service connection for a low-back disability. Record (R.) at 7. The Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a) to review the January 2003 Board decision. For the following reasons, the Court will affirm the January 9, 2003, Board decision.

## I. FACTS

Mr. Jackson served on active duty in the U.S. Army from June 1969 to December 1970. R. at 10. On September 10, 1996, he filed a claim to reopen his previously and finally disallowed claim for service connection for a low-back disability. R. at 34-36. A VA regional office denied his claim and, in a November 1998 decision, the Board did the same. R. at 41-42, 58-65. After this Court affirmed the Board's decision, Mr. Jackson appealed to the U.S. Court of Appeals for the Federal

Circuit (Federal Circuit), which, in a September 2001 decision, affirmed the Court's decision. R. at 67-71, 124-31.

Prior to the issuance of the Federal Circuit's decision, Mr. Jackson, on October 17, 2000, had submitted additional evidence to the regional office in an attempt to reopen his low-back-disability claim. R. at 73-108. Based on that additional evidence, the regional office, in June 2001, reopened and granted his claim for service connection and assigned that grant an effective date of October 18, 2000. R. at 120-22. Mr. Jackson appealed the regional office's decision to the Board, arguing that the proper effective date should have been September 10, 1996, the date on which he filed his claim to reopen. R. at 137-40, 163-67.

The Board, in the decision now on appeal, denied entitlement to an earlier effective date. R. at 1-8. Although it acknowledged that under 38 C.F.R. § 3.156(b) (2002) new and material evidence submitted prior to the issuance of an "appellate decision" must be considered as having been filed in connection with the claim pending at the beginning of the appeal period, it determined that the phrase "appellate decision" referred only "to a decision of the Board and not to a decision by . . . the Federal Circuit." R. at 6. Therefore, it concluded that Mr. Jackson's additional evidence, although submitted prior to the issuance of the Federal Circuit's September 2001 decision, could not be considered as having been filed in conjunction with Mr. Jackson's September 10, 1996, claim to reopen. Instead, it found that his submission of additional evidence was a second claim to reopen, dated October 17, 2000. *Id.* This appeal followed.

On appeal, Mr. Jackson argues that the phrase "appellate decision" as used in § 3.156(b) can mean a decision of the Federal Circuit and that the Board's interpretation is "impermissible" because it is "narrow and restrictive." Appellant's Brief (Br.) at 8. He acknowledges that the phrase is not defined in the regulation and notes that the Secretary has chosen not to define the phrase each of the four times the regulation has been amended since the enactment of the Veterans' Judicial Review Act, Pub. L. No. 100-687, § 301, 102 Stat. 4105, 4113-21 (1988). *Id.* at 7. At oral argument, Mr. Jackson conceded that "appellate decision" is not used elsewhere in title 38, Code of Federal Regulations, to refer to a decision of the Federal Circuit. The Secretary argues that the Board's interpretation is correct and that it is the only interpretation that is consistent with VA's regulatory framework. Secretary's Br. at 9-12.

## II. ANALYSIS

Section 3.156(b) of title 38, Code of Federal Regulations, provides:

> New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed (including evidence received prior to an appellate decision and referred to the agency of original jurisdiction by the Board . . . without consideration in that decision in accordance with the provisions of § 20.1304 of this chapter), will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

38 C.F.R. § 3.156(b) (2004); *see Meuhl v. West*, 13 Vet.App. 159, 160 (1999). That language, in pertinent part, has remained unchanged since the regulation was promulgated by the Secretary in 1961. At the time it was promulgated, the only appeal available within the veterans benefits system was an appeal to the Board. *See* 26 Fed. Reg. 1561, 1570-71 (Feb. 24, 1961); *see also* 27 Fed. Reg. 11,886, 11,887 (Dec. 1, 1962). In 1988, when Congress enacted the Veterans' Judicial Review Act, judicial review of Board decisions by this Court and of this Court's decisions by the Federal Circuit became available. Section 3.156 was amended four times after the enactment of the Veterans' Judicial Review Act, but the phrase "appellate decision" was not defined in any of those amendments. *See* 55 Fed. Reg. 20,144 (May 15, 1990); 55 Fed. Reg. 52,274 (Dec. 21, 1990); 58 Fed. Reg. 32,442 (June 10, 1993); 66 Fed. Reg. 45,620, 45,630 (Aug. 29, 2001). Today, the phrase "appellate decision" is still not defined in § 3.156(b) or in any other part of title 38, Code of Federal Regulations.

What the regulation addresses and what we must determine is the following: When an appellant submits evidence regarding a previously submitted claim, how much time may pass before that evidence is no longer considered to have been filed along with the claim? In the instant case, under Mr. Jackson's broad interpretation of the phrase "appellate decision," the time period during which submitted evidence would have been considered as having been filed in connection with his September 1996 claim to reopen extended up until the issuance of the Federal Circuit's September 2001 decision. Under the Secretary's more narrow interpretation, that period lapsed in November 1998, when the Board issued its decision denying the claim to reopen. Because the correct interpretation of a regulation is a question of law, the Court will review the Board's interpretation of § 3.156(b) de novo. *See Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003); *Hatch v.*

3

*Principi*, 18 Vet.App. 527, 531 (2004). Accordingly, to the extent that Mr. Jackson would instead have us defer to an asserted VA policy of interpreting the phrase "appellate decision" to encompass a Federal Circuit decision, we decline. In any event, he has provided no persuasive evidence that VA has ever had such a policy. Although he cites to the circumstances surrounding the appeal in *Thayer v. Principi*, 15 Vet.App. 204 (2001), for that proposition, there is nothing in the facts or history of that case that establishes that VA's determination of an earlier effective date was dictated by any policy pertaining to the application of § 3.156(b). *See Thayer*, 15 Vet.App. at 205, 207 (specifically declining to address § 3.156(b)).

The starting point in interpreting a regulation is its language. *See Otero-Castro v. Principi*, 16 Vet.App. 375, 380 (2002) ("The basic principles that apply to construing statutes apply equally to construing regulations."). If the meaning of the regulation is clear from its language, then that is "the end of the matter." *Brown v. Gardner*, 513 U.S. 115, 120 (1994).

At the time that § 3.156(b) was promulgated, the phrase "appellate decision" could have meant only a Board decision because that was the only appellate decision available within the veterans benefits system at that time. Mr. Jackson argues that the meaning of that phrase has implicitly evolved over time. Certainly, he is correct that today the phrase "appellate decision" read in isolation could properly encompass a decision of the Federal Circuit. To be sure, the Federal Circuit is an appellate court, and it does issue decisions. However, as the Supreme Court of the United States has held, "[a]mbiguity is a creature not of definitional possibilities but of statutory [or regulatory] context." *Brown*, 513 U.S. at 118. Accordingly, we will examine § 3.156(b) in its regulatory and statutory context to aid us in shaping the meaning of the phrase "appellate decision."

First, we must consider which interpretation of the phrase "appellate decision" best fits within the VA regulatory scheme. *See Otero-Castro*, 16 Vet.App. at 380 (holding that each part or section of a regulation "'should be construed in connection with every other part or section so as to produce a harmonious whole'") (citations omitted); *see also Brown*, 513 U.S. at 118 ("There is a presumption that a given term is used to mean the same thing throughout a statute."). Upon review, we find that the Secretary uses the phrase consistently throughout title 38 to refer to a Board decision only; at oral argument, Mr. Jackson conceded as much. *See* 38 C.F.R. §§ 19.9, 20.401, 20.904, 20.1000, 20.1104-05, 20.1201, 20.1301, 20.1304 (2004). Therefore, the Secretary's interpretation would be

harmonious with the rest of title 38 while Mr. Jackson's interpretation would result in an anomaly. Given such a choice, we select the harmonious interpretation. *See Ostero-Castro*, 16 Vet.App. at 380. Underlying this selection is the premise that the Secretary, aware of his own regulations, knows that the phrase "appellate decision" is used to mean a Board decision and that if he intended to refer to more than just a Board decision, he would have consciously and purposely used a different phrase. For example, 38 C.F.R. § 14.507 (2004) provides that a VA General Counsel opinion is binding on VA officials and employees unless, among other things, it has been overruled or modified by a subsequent "***judicial decision***." (Emphasis added).

Second, we must consider which interpretation of the phrase "appellate decision" best fits within the statutory scheme. Under the statutory provision governing the jurisdiction of the Board, 38 U.S.C. § 7104(b), "when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed" unless new and material evidence is submitted to reopen it. It follows that once the Board disallows a claim, the Board's decision is final, and absent a disruption of that finality, any evidence submitted after the Board's decision with respect to that claim will be considered to be an attempt to reopen the disallowed claim based on new and material evidence. *See id.*; *Sears v. Principi*, 16 Vet.App. 244, 248 (2002), *aff'd*, 349 F.3d 1326 (Fed. Cir. 2003). Under 38 U.S.C. § 5110(a), "the effective date of an award based on . . . a claim reopened after final adjudication . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor."

In the instant case, Mr. Jackson submitted new and material evidence in 2000, after the Board had disallowed his claim for service connection for a low-back disability and after the Board had disallowed his 1996 claim to reopen his service-connection claim. Under the principle that follows from section 7104(b), his submission constituted a new claim to reopen, and because that claim led to an award of service connection, the effective date of that award would be governed by section 5110 and could have been no earlier than 2000. The Secretary's interpretation of § 3.156(b) comports with the statute, but Mr. Jackson's interpretation does not. Under Mr. Jackson's interpretation, § 3.156(b) would operate to assign him an effective date in 1996, the year in which he submitted his first claim to reopen. Although the Secretary in promulgating § 3.156(b) was, as Mr. Jackson asserts, creating a generous regulation, it is plain that the Secretary can be no more

generous than the statute allows him to be. Accordingly, the phrase "appellate decision" can clearly not mean anything other than a decision of the Board.

In sum, the meaning of § 3.156(b), including the phrase "appellate decision," is clear from its context. "Appellate decision," as that phrase is used in § 3.156(b), means a decision only of the Board, and as a result, § 3.156(b) provides that the issuance of a Board decision closes the period of time during which evidence submitted after the filing of a claim will be considered as having been filed along with that claim. To read that phrase as having evolved over time would be to read it as having evolved out of context and in conflict with the statute. We decline to interpret § 3.156(b) in such a way. Therefore, because we hold that the language of the regulation is clear and not ambiguous, that is "the end of the matter." *Brown*, 513 U.S. at 120.

Consequently, when Mr. Jackson submitted additional evidence in October 2000, almost two years after the Board denied his September 1996 claim to reopen, that evidence should not have been considered as having been filed in connection with the September 1996 claim to reopen. Instead, it should have been considered, as it was, as a new claim to reopen. Accordingly, we conclude that the Board correctly determined that the proper effective date of Mr. Jackson's award of service connection is in October 2000. *See* 38 U.S.C. § 5110.

### III. CONCLUSION

On consideration of the foregoing, the January 9, 2003, Board decision is AFFIRMED.

6