# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0624

ROBERT L. HOWELL, APPELLANT,

v.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided     March 23, 2006   )

*Kenneth M. Carpenter*, of Topeka, Kansas, and *Allan T. Fenley*, of Schenectady, New York, were on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; *Edward V. Cassidy, Jr.*, Deputy Assistant General Counsel; *Gayle E. Strommen*, Senior Appellate Attorney, and *Levinia A. Derr*, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, LANCE, and SCHOELEN, *Judges*.

KASOLD, *Judge*:  Korean conflict era veteran Robert L. Howell appeals through counsel a February 2, 2004, decision of the Board of Veterans' Appeals (Board) that denied entitlement to special monthly compensation (SMC) based on the need for regular aid and attendance or upon housebound status.  For the reasons set forth below, the decision of the Board will be set aside and the matter remanded for readjudication.

## I. BACKGROUND

Mr. Howell served in the U.S. Army from April to September 1951.  Record (R.) at 16.  In April 1981, a VA regional office (RO) issued a rating decision that granted service connection for

schizophrenia, chronic paranoid type, and awarded a 70% disability rating. R. at 22-24. In April 1982, Mr. Howell's disability rating was increased to 100%. R. at 26.

In January 2000, Mr. Howell submitted to the RO a handwritten letter inquiring whether he was "eligible for aid and attendance benefits." R. at 38-39. Thereafter, Mr. Howell submitted to the RO the handwritten note of Dr. Jose H. Duque, who stated that Mr. Howell was "not able to take care of himself without help because [of] his mental and physical disability." R. at 47. In May 2000, the RO notified Mr. Howell that he was scheduled for compensation examinations in support of his claim. R. at 49. In response, Mr. Howell requested that the RO cancel the examinations and stated that he was unable to attend them because his "mental health has deteriorated due [to] old age." R. at 55. In August 2000, the RO construed Mr. Howell's letter as a claim for SMC benefits based on his being permanently housebound in addition to his claim for SMC benefits based on the need for aid and attendance, and it denied the claims. R. at 76-78. Mr. Howell filed a Notice of Disagreement with the RO's decision. R. at 80.

In June 2002, after the RO determined that a medical examination was necessary to decide the claim, Mr. Howell was afforded a VA medical examination. R. at 97. In the examination report, the examiner, Dr. Padma Raghavan, noted that Mr. Howell's claims file was not available for review. R. at 104. Dr. Raghavan further noted that Mr. Howell presented himself in a wheelchair at the examination, but that Mr. Howell reported that he did not use a wheelchair at home. R. at 104. The report indicated that Mr. Howell's wife stated that she helped him with bathing, eating, and dressing. R. at 105. Dr. Raghavan diagnosed Mr. Howell with (1) a history of disc disease in lumbosacral spine with hyperreflexia and left-sided sciatic pain; (2) emotional problems; and (3) hypertension. R. at 106. Dr. Raghavan noted: "As per the wife and also as per the veteran because of a combination of his emotional problems and probable spine disease and loss of balance, veteran is unable to take care of his activities of daily living." *Id*. After additional development, in February 2003 the RO issued a Supplemental Statement of the Case that denied Mr. Howell's claim for SMC.

On appeal, the Board denied Mr. Howell's claim for SMC on the basis that his schizophrenia, as his "sole service-connected disability, alone, does not render him housebound or in need of the regular aid and attendance of another person." R. at 12. Regarding Mr. Howell's housebound status, the Board specifically found that "the record reflects that the veteran is able to leave his house to

2

attend to regular treatment appointments . . . and to attend VA examinations when motivated." R. at 10. The Board concluded that "the record clearly reflects that he is able to leave his house when desired, and there is otherwise no evidence suggesting that it is his psychiatric disability, rather than his numerous physical disabilities, which interferes with his ability to leave home." R. at 10-11. Regarding Mr. Howell's need for regular aid and attendance, the Board specifically found that Dr. Duque and Dr. Raghavan "both concluded that it was only from a *combination* of the veteran's service-connected psychiatric, and non-service-connected physical, disabilities, that the veteran required the assistance of another person in the performance of his daily activities." R. at 11 (emphasis in original).

In his appeal to the Court, Mr. Howell argues that the Secretary failed in his duty to assist under 38 U.S.C. § 5103A by failing to conduct an adequate medical examination, and failed to provide adequate notice as required by 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b) (2005). The Secretary argues that there is a plausible basis in the record for the Board's decision and that the Board properly found that the Secretary complied with his duties to assist and to notify, and he urges the Court to affirm. In response to the Court's request, the parties provided supplemental briefing on the statutory and regulatory requirements for SMC benefits on the basis of the need for regular aid and attendance or for being permanently housebound.

## II. ANALYSIS

SMC may be granted to a veteran of a period of war[1] who, inter alia, is in need of aid and attendance or is permanently housebound. *See generally* 38 U.S.C. §§ 1114(l), (s). Under section 1114(l), SMC on the basis of the need for regular aid and attendance (SMC-AA) is paid when a wartime veteran, inter alia, is so helpless as to be in need of regular aid and attendance as a result of service-connected disability. *See* 38 U.S.C. § 1114(l); *see also* 38 C.F.R. §§ 3.350(b)(2), 3.352(a) (2005). Under section 1114(s), SMC on the basis of being permanently housebound (SMC-HB) is paid when, inter alia, a wartime veteran, by reason of service-connected disability, is permanently housebound. *See* 38 U.S.C. § 1114(s); *see also* 38 C.F.R. § 3.350(i)(2).

---

[1] Service, such as Mr. Howell's, during the Korean conflict between June 27, 1950, and January 31, 1955, is statutorily defined as service during a period of war. *See* 38 U.S.C. § 101(9), (11); *see also* 38 C.F.R. § 3.2 (e) (2005).

A. Regular Aid and Attendance of Others – 38 U.S.C. § 1114(l)

In the decision on appeal, the Board determined that SMC-AA is available when the need for the aid and attendance of others arises solely from a wartime veteran's service-connected disabilities. The parties agree with this interpretation of 38 U.S.C. § 1114(l) and 38 C.F.R. §§ 3.350(b)(2), 3.352(a) (2005), as does the Court. *See Jackson v. Nicholson*, 19 Vet.App. 207, 209 (2005) (citing *Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003)) (correct interpretation of a law or regulation is a question of law, which the Court reviews de novo); *Cropper v. Brown*, 6 Vet.App. 450, 454 (1994). The plain and unambiguous language of section 1114(l) requires that a claimant be in need of regular aid and attendance "as the result of service-connected disability." *See* 38 U.S.C. § 1114(l); *see also Gardner v. Brown*, 5 F.3d 1456, 1456 (Fed. Cir. 1993) [hereinafter *Gardner II*] ("The starting point in interpreting a statute is its language, for 'if the intent of Congress is clear, that is the end of the matter.'"), *aff'd*, 513 U.S. 115 (1994). The plain language of section 1114(l) is consistent with the statutory scheme of which it is a part. *See Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) [hereinafter *Gardner I*] ("Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute."), *aff'd sub nom. Gardner II*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994). Section 1114 is contained within chapter 11, title 38, U.S. Code, which sets forth the benefits payable on the basis of a veteran's service-connected disability or death. *See generally* 38 U.S.C. §§ 1101-1163.

Based solely on the medical opinions of Dr. Raghavan and Dr. Duque, the Board determined that Mr. Howell was not entitled to SMC-AA benefits because "it was only from a *combination* of his service-connected and non-service-connected disabilities" that Mr. Howell required the assistance of others. R. at 11 (emphasis in original). However, these medical opinions lacked the proper foundation to be given any weight.

Dr. Raghavan relied solely on the statements of Mr. Howell and his wife that Mr. Howell's need for assistance was a result of the combination of his disabilities; Dr. Raghavan provided no medical assessment of his needs or the specific basis for those needs. Although Mr. and Mrs. Howell may state their activities and opine as to their needs as they related to Mr. Howell's disabilities, they are not qualified to provide the medical nexus between their disabilities and the perceived needs, *see Espiritu v. Derwinski*, 2 Vet.App. 492, 494 (1992) (holding that lay person is

4

not competent to offer evidence that requires medical knowledge), and their recorded statements, "unenhanced by any additional medical comment" by Dr. Raghavan are not competent medical evidence, *LeShore v. Brown*, 8 Vet.App. 406, 409 (1995) (internal quotation omitted) (holding as incompetent medical evidence where the examiners had not "filtered, enhanced, or added medico-evidentiary value to the lay history through their medical expertise"). Similarly, Dr. Duque's opinion regarding Mr. Howell's need for aid and attendance is nothing more than a handwritten note on a blank form used for prescriptions that states: "He is not able to take care of himself because [of] his mental and physical disability." R. at 47. This statement is unenhanced by any medical comment and is not competent medical evidence. *See LeShore*, *supra*. Inasmuch as the opinions of Dr. Raghavan and Dr. Duque do not constitute competent medical evidence because they are not enhanced by any additional medical comment by the medical examiner, the Board erred by relying on them in support of its conclusion that Mr. Howell was not entitled to SMC-AA benefits.

In disability compensation claims, the Secretary's duty to assist requires him to provide a medical examination or obtain a medical opinion "when such an examination or opinion is necessary to make a decision on the claim." 38 U.S.C. § 5103A(d)(1); *see Wells v. Principi*, 326 F.3d 1381, 1384 (Fed. Cir. 2003) (holding that section 5103A(d) places a duty on the Secretary to provide a medical examination or opinion where such opinion is necessary to make a decision on the veteran's claim for disability compensation); *Charles v. Principi*, 16 Vet.App. 370, 375 (2002) (Board erred in failing to obtain medical nexus opinion that was necessary to make a decision on the claim); 38 C.F.R. § 3.159(c)(4)(i)(C); *see also Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991) (Board must consider all relevant evidence of record and address in its decision all potentially applicable provisions of law and regulation). In light of the holding that both of the medical opinions upon which the Board relied were incompetent as a matter of law, the state of the evidence as to the SMC-AA claim reverts to that as it existed prior to the examination, that is, to the point when the Secretary determined that a medical examination was required to make a decision on the claim. Therefore, on remand the Board must ensure that Mr. Howell is provided with a medical examination that will enable it to make a decision on his claim for SMC-AA benefits. *See* 38 U.S.C. § 5103A(d)(1); *Wells*, *Charles*, and *Schafrath*, all *supra*.

B. Permanently Housebound Status – 38 U.S.C. § 1114(s)

SMC-HB benefits will be paid to a veteran who, "by reason of such veteran's service-connected disability or disabilities, is permanently housebound."  38 U.S.C. § 1114(s); *see also* 38 C.F.R. § 3.350(i)(2).  The term "permanently housebound" is further defined as being "substantially confined to such veteran's house . . . or immediate premises due to a service-connected disability or disabilities which it is reasonably certain will remain throughout the veteran's lifetime." *Id.*  The term "substantially confined" is not defined by statute or regulation.  *See id.*

Because the meaning of the term "substantially confined" is ambiguous and there is no regulatory interpretation, "the Court must determine the meaning" of the term "and the Board's obligation" thereunder.  *Thompson v. Brown*, 8 Vet.App. 169, 175 (1995); *see also Jackson* and *Cropper*, both *supra*.  The Secretary submits that the clear implication of this term is that the requirement that one be "substantially confined" is met when the claimant is restricted to his house *except* for medical treatment purposes.  The Secretary, citing to Senate Report No. 1745 (June 27, 1960), notes that in passing section 1114(s) Congress intended to provide additional compensation for veterans who were unable to overcome their particular disabilities and leave the house in order *to earn an income* as opposed to an inability to leave the house *at all*.  Mr. Howell does not contest this interpretation.

To the extent substantial confinement does not include departures for medical purposes, we agree that the interpretation that the Secretary presents in his supplemental briefing is reasonable and consistent with statute and regulations.  *See Jackson*, *Thompson*, and *Cropper*, all *supra*. Accordingly, we hold that leaving one's house for medical purposes cannot, by itself, serve as the basis for finding that one is not substantially confined for purposes of SMC-HB benefits, and the Board's interpretation of section 1114(s) to preclude the grant of SMC benefits on the basis of Mr. Howell's leaving his house in order to attend VA medical appointments was erroneous as a matter of law.

C. Other Considerations

We also note that the Board erred when it failed to discuss or assess the separate effects of Mr. Howell's service-connected and non-service-connected disabilities, and whether, standing alone, his service-connected disabilities would have warranted the grant of SMC-AA or SMC-HB benefits.

6

*See Mittleider v. West*, 11 Vet.App. 181, 182 (1998) (holding that when claimant has both service-connected and non-service-connected disabilities, Board must attempt to discern the effects of each disability and, where such distinction is not possible, attribute such effects to the service-connected disability); *Schafrath*, *supra*. The fact that Mr. Howell suffered from both service-connected and non-service-connected disabilities does not mean that he would not have required support sufficient to warrant aid and attendance or otherwise been permanently housebound based on his service-connected disabilities alone. Moreover, if is not possible to evaluate separately the effects of each disability, application of the benefit-of-the-doubt doctrine requires the Secretary to attribute those inseparable to his service-connected disability. *See Mittleider*, *supra*. This issue should be addressed on remand.

In light of our holding here today and the fact that this matter is being remanded for readjudication, the Court need not address the various notice-error arguments raised by Mr. Howell. These purported errors, which were not raised to the Board, can be addressed on remand. *See Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (with regard to a claim properly before it, Court is not compelled to hear legal issues raised to it in the first instance). Moreover, on remand, Mr. Howell will have the opportunity to present any additional evidence and argument in support of his claim, including the notice arguments raised to the Court, and any evidence and argument so presented must be considered. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The Court expects that the Board will provide expeditious treatment of this matter on remand. *See* 38 U.S.C. § 7112.

## III.  CONCLUSION

Upon consideration of the foregoing, the February 2, 2004, decision of the Board is SET ASIDE and the matter is REMANDED for readjudication consistent with this opinion.

SET ASIDE and REMANDED.