Citation Nr: 1811314 
Decision Date: 02/23/18 Archive Date: 03/06/18

DOCKET NO. 14-10 670A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for depressive disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Hammad Rasul, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1969 to May 1971.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Veteran initially filed a notice of disagreement in September 2011 as to entitlement to service connection for PTSD, hearing loss, and tinnitus. A March 2014 statement of the case was thereafter issued denying all three claims. However, in the Veteran's April 2014 formal appeal to the Board, he limited his appeal to his psychiatric disorder. Thus, this decision relates only to this issue.

In December 2015, the Board remanded these matters for further development.

Given additional diagnoses of psychiatric disorders in the record, the Board has recharacterized the issue as reflected on the title page, consistent with Clemons v. Shinseki, 23 Vet. App. 1 (2009). 


FINDINGS OF FACT

The evidence is at least evenly balanced as to whether the Veteran's depressive disorder is related to service.


CONCLUSION OF LAW

With reasonable doubt resolved in favor of the Veteran, depressive disorder was incurred in service. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that VA has certain duties to notify and assist the Veteran. See 38 U.S.C. §§ 5103, 5103A (2012); 38 C.F.R. § 3.159 (2017). Given the favorable action taken below, the Board will not discuss further whether those duties have been accomplished.

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (a). In order to prevail on the issue of service connection for any particular disability, there must generally be a showing of the following: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship (nexus) between the current disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

The Federal Circuit has held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence"). 

In an October 1971 VA examination for headaches and stomach pains, the Veteran was provided with a mental examination. The examiner noted that the Veteran was not tense or anxious. Affect and emotional tone were appropriate. Speech was clear, coherent, and relevant. The Veteran reported problems with his stomach in the mornings. Recent and remote memory were intact. There was no evidence of hallucinations or delusions. Insight and judgment were adequate. The examiner found that there was no diagnosis for any neuropsychiatric disability. 

In March 1973, the Veteran was provided with a psychiatric examination as part of his service connection claim for his service-connection claim for a head injury. The examiner concluded that the Veteran did not have a psychiatric disability. 

In a June 2009 VA psychiatric consult, the Veteran reported that after he returned from Vietnam, he was told by his family and friends that he had undergone a distinct personality change and that he was not the same person as they had known him to be prior to his service in Vietnam. The Veteran reported that his family and friends described him as angry, mean, and unable to experience happiness. 

In an October 2010 VA examination, the Veteran reported that he experienced depressed mood with frequency about five days a week. The examiner found that the Veteran did not meet the criteria for PTSD. However, the examiner did find that the Veteran had an Axis I diagnosis of depressive disorder and alcohol abuse. The Veteran's service in Vietnam was provided as Axis IV. The examiner opined that the Veteran's depressive disorder is less likely than not related to his stressor of fear of hostile military or terrorist activity. 

In a July 2014 primary care note, the physician noted that the Veteran has increased depression and anxiety related to losses of people close to him. 

In a July 2014 preventative medicine education note, the Veteran tested positive for depression. The Veteran reported that he was feeling down or depressed every single day. 

In an October 2015 appellant's brief, the Veteran's representative stated that the October 2010 VA examiner listed the Veteran's service in Vietnam under Axis IV of the multiaxial assessment. The Veteran's representative raised the possibility that by listing the Veteran's military experience as part of an Axis IV assessment, which considers the severity of psychological stressors, that the examiner, in essence, made a determination that the Veteran's period of service was an etiologically significant psychological stressor contributing to the depressive disorder identified under Axis I. 

In a January 2016 VA examination, the examiner diagnosed the Veteran with unspecified depressive disorder and alcohol use disorder. The examiner also found that the Veteran did not have PTSD. The examiner opined that the Veteran's unspecified depressive disorder and alcohol use disorder did not have their onset in service and are not related to service. The examiner reasoned that the Veteran received a neuropsychiatric examination in 1973 in which no psychiatric disability was found. The examiner noted that the Veteran had more than one mental disorder diagnosed and that it is not possible to differential what symptoms are attributable to each diagnosis. 

In sum, the evidence shows that the Veteran is currently diagnosed with depressive disorder. The evidence also contains the Veteran's statement from a June 2009 VA psychiatric consult that his family and friends informed him that he returned from Vietnam as a different person than prior to service. Although in October 1971 and March 1973, the examiners found that the Veteran did not have a psychiatric disability, the Board notes that the Veteran is competent to report observable symptomology that includes the observation of his family and friends that he returned from Vietnam as a different person and was described as "angry, mean, and unable to experience happiness." Layno v. Brown, 6 Vet. App. 465, 470 (1994).

Furthermore, the October 2010 VA examiner listed depressive disorder as an Axis I diagnosis. Although, the October 2010 VA examiner opined that the Veteran's depressive disorder is less likely than not related to his stressor fear of hostile military or terrorist activity, the Board agrees with the Veteran's representative that the examiner also listed the Veteran's military service as part of an Axis IV assessment, which suggests the examiner considered the Veteran's military service as a whole to be an etiologically significant psychological stressor contributing to the depressive disorder identified under Axis I. 

For the foregoing reasons, the evidence is at least evenly balanced as to whether the Veteran's depressive disorder is related to service. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for depressive disorder is warranted. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

To the extent that other psychiatric disorders have been diagnosed, there is no indication that there are distinct psychiatric symptoms attributable to such disorders, and all psychiatric symptoms will therefore be attributed to the now service connected depressive disorder. See Howell v. Nicholson, 19 Vet. App. 535, 540 (2006); Mittleider v. West, 11 Vet. App. 181, 182 (1998) (VA must apply the benefit of the doubt doctrine and attribute the inseparable effects of a disability to the claimant's service-connected disability). Consequently, consideration of whether other psychiatric disorders are related to service is unnecessary.


ORDER

Entitlement to service connection for depressive disorder is granted. 



____________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs