# United States Court of Appeals for the Federal Circuit

2006-7052,-7061

NATIONAL ORGANIZATION OF VETERANS' ADVOCATES, INC.,

Petitioner,

and

PARALYZED VETERANS OF AMERICA,

Petitioner,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for petitioner National Organization of Veterans' Advocates, Inc.

Michael P. Horan, Paralyzed Veterans of America, of Washington, DC, argued for petitioner Paralyzed Veterans of America.

Russell A. Shultis, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Joshua S. Blue, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Department of Veterans Affairs

# United States Court of Appeals for the Federal Circuit

2006-7052, -7061

NATIONAL ORGANIZATION OF VETERANS' ADVOCATES, INC.,

Petitioner,

and

PARALYZED VETERANS OF AMERICA,

Petitioners,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: January 18, 2007

_____

Before NEWMAN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

DYK, Circuit Judge.

This case concerns challenges to regulations adopted by the Department of Veterans Affairs ("VA") interpreting 38 U.S.C. §§ 1311(a)(2) and 1318 on the ground that they unduly limit the right to dependency and indemnity compensation ("DIC").[1]

---

[1] Section 1311 provides, in relevant part:

(a)(1) Dependency and indemnity compensation shall be paid to a surviving spouse at the monthly rate of $1,067.
    (2) The rate under paragraph (1) shall be increased by $228 in the case of the death of a veteran who at the time of death was

This matter has twice been before this court, and we twice remanded to the VA. Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs, 260 F.3d 1365 (Fed. Cir. 2001) ("NOVA I"); Nat'l Org. of Veterans' Advocates Inc. v. Sec'y of Veterans Affairs, 314 F.3d 1373 (Fed. Cir. 2003) ("NOVA II").

We reviewed the statutory and regulatory scheme at length in our previous decisions, and do so only briefly here. NOVA I, 260 F.3d at 1368-1372; NOVA II, 314 F.3d at 1375-1378. The statutory sections, 38 U.S.C. §§ 1311(a)(2) and 1318, provide

---

in receipt of or was entitled to receive (or but for the receipt of retired pay or retirement pay was entitled to receive) compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death. In determining the period of a veteran's disability for purposes of the preceding sentence, only periods in which the veteran was married to the surviving spouse shall be considered.

38 U.S.C. § 1311 (2006).

Section 1318 provides, in relevant part:

(a) The Secretary shall pay benefits under this chapter to the surviving spouse and to the children of a deceased veteran described in subsection (b) of this section in the same manner as if the veteran's death were service connected.
(b) A deceased veteran referred to in subsection (a) of this section is a veteran who dies, not as the result of the veteran's own willful misconduct, and who was in receipt of or entitled to receive (or but for the receipt of retired or retirement pay was entitled to receive) compensation at the time of death for a service-connected disability rated totally disabling if--
      (1) the disability was continuously rated totally disabling for a period of 10 or more years immediately preceding death;
      (2) the disability was continuously rated totally disabling for a period of not less than five years from the date of such veteran's discharge or other release from active duty; or
      (3) the veteran was a former prisoner of war who died after September 30, 1999, and the disability was continuously rated totally disabling for a period of not less than one year immediately preceding death.

38 U.S.C. § 1318 (2000).

2006-7052, -7061                    2

for the payment of DIC to survivors of veterans if the veteran suffered from a service-connected disability that was continuously rated disabling for a given period before death.  The history of these provisions is pertinent to the issues before us.

Since its enactment in 1958, section 1310(a) has provided for basic DIC payments to survivors of veterans who died as a result of a service-connected disability. 38 U.S.C. 1310(a); see generally, NOVA I, 260 F.3d at 1368.  Congress was concerned that the statute made no provision for benefits where the death was not service-connected, even though the veteran had been receiving disability benefits during his life, and his dependents had come to rely heavily on the receipt of such benefits.  NOVA I, 260 F.3d at 1368.  As originally enacted in 1978, the predecessor of section 1318 provided for the payment of DIC benefits when the veteran's death was not caused by a service-connected disability, but when the veteran, at the time of death, "was in receipt of" compensation for a service-related disability.  Veterans' Disability Compensation and Survivors' Benefits Act of 1978, Pub. L. No. 95-479, 92 Stat. 1560, 1564 (1978) (codified at 38 U.S.C. § 410(b)(1) (1976 & Supp. II 1978), a predecessor statute to section 1318); see generally, NOVA I, 260 F.3d at 1368.[2]

In 1981 the General Counsel of the VA issued an opinion concluding that the predecessor statute to section 1318 did not provide for DIC payments to survivors of veterans who were not receiving compensation for disability at the time of their death, but would have been entitled to receive such compensation but for an "error" committed by the VA.  O.G.C. Prec. Op. 2-81, at 2 (May 21, 1981).  In response, Congress

---

[2]     The implementing regulation, 38 C.F.R. § 3.22, contained similar language at the time.  44 Fed. Reg. 22,716, 22,718 (Apr. 17, 1979).

amended the statute. Now, as amended, section 1318 provides for payments of DIC benefits when the veteran was "in receipt of or <u>entitled to receive</u>" payments for a service connected disability. 38 U.S.C. § 1318(b) (2000) (emphasis added). The legislative history made clear that the "entitled to receive" requirement was met if the veteran would have been in receipt of disability compensation payments but for a clear and unmistakable error ("CUE") by the VA. Explanatory Statement of Compromise Agreement, 128 Cong. Rec. H7777 (1982), <u>reprinted in</u> 1982 U.S.C.C.A.N. 3012, 3013.[3]

In 1992 Congress enacted the other provision involved here—section 1311(a)(2)—which grants increased DIC payments (over and above the basic benefits provided in section 1310(a)) when the death was service-connected and the veteran "at the time of death was in receipt of or was entitled to receive . . . compensation for a service-connected disability." 38 U.S.C. § 1311(a)(2); Pub. L. 102-568, Title I, § 102(a), (b) (Oct. 29, 1992), 106 Stat. 4321, 4322.

Since both sections 1311(a)(2) and 1318 have identical "entitled to receive" language, it appeared that both should be interpreted in the same way. It was also clear that a veteran was "entitled to receive" payments within the meaning of the statute if CUE had occurred, but it was unclear whether the discovery of new and material evidence could lead to a finding that the "entitled to receive" requirement was met.[4]

---

[3] Reopening for CUE is provided by section 5109A, which states: "A decision by the Secretary under this chapter is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised." 38 U.S.C. § 5109A(a) (2000).

[4] Section 5108 provides for reopening if "new and material evidence is presented or secured with respect to a claim which has been disallowed." 38 U.S.C. § 5108 (2000).

We first considered the new and material evidence issue in Hix v. Gober. 225 F.3d 1377, 1380-81 (Fed. Cir. 2000). In that case regulations promulgated under section 1311 then provided that "issues involved in a survivor's claim for [DIC] benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime." 38 C.F.R. § 20.1106 (2000). We held that the requirements of 38 C.F.R. § 20.1106 were "dispositive of the interpretation of 38 U.S.C. § 1311," and that the regulations required a "de novo determination of the veteran's disability, upon the entirety of the record including any new evidence presented by the surviving spouse." Hix, 225 F.3d at 1380-81 (emphasis added).

In January 2000 the VA promulgated regulations implementing the other statute—section 1318—and defined "entitled to receive" as limited to a situation where CUE occurred. 65 Fed. Reg. 3,388 (Jan. 21, 2000). This interpretation created a conflict with the regulations under section 1311, as construed in Hix. 225 F.3d at 1380-81. Veterans' organizations, including petitioners National Organization of Veterans' Advocates and Paralyzed Veterans of America, sought review.

In NOVA I we considered the VA's conflicting interpretations of the "entitled to receive" language of sections 1311 and 1318. We held that the VA's inconsistent interpretations of the "entitled to receive" language common to both statutes could not stand, and remanded for the agency either to explain its decision to interpret the provisions in inconsistent ways or to harmonize the two regulations. 260 F.3d at 1380-81. Following our remand, the VA determined that sections 1311(a)(2) and 1318 should be interpreted in the same way, and that both sections should be limited to CUE situations. 67 Fed. Reg. at 16,309 (Apr. 5, 2002); NOVA II, 314 F.3d at 1377, 1380.

The veterans' groups again appealed. In <u>NOVA II</u> we held, <u>inter alia</u>, that the VA had failed to adequately explain why new and material evidence was insufficient to meet the "entitled to receive" requirement. <u>Id.</u> at 1380-1381. We again remanded.

Following our second remand the VA promulgated regulations under both sections 1311 and 1318. 70 Fed. Reg. 72,211 (Dec. 2, 2005); 38 C.F.R. § 3.10(f)(3) (2006); 38 C.F.R. § 3.22(b) (2006).[5] The new regulations interpret "entitled to receive" to include situations where, during the veteran's lifetime, the claim could have been reopened based on CUE, and also where reopening could have occurred based on new evidence "consisting solely of service department records that existed at the time of a prior VA decision but were not previously considered by VA." 38 C.F.R. § 3.22(b). The VA explained that the language of sections 1311(a)(2) and 1318 and the legislative history of section 1318 suggest that Congress intended to limit the situations where a

---

[5]     38 C.F.R. § 3.22(b), as amended, provides, in relevant part:

> (b) For purposes of this section, "entitled to receive" means that the veteran filed a claim for disability compensation during his or her lifetime and one of the following circumstances is satisfied:
> (1) The veteran would have received total disability compensation at the time of death for a service-connected disability rated totally disabling for the period specified in paragraph (a)(2) of this section but for clear and unmistakable error committed by VA in a decision on a claim filed during the veteran's lifetime; or
> (2) Additional evidence submitted to VA before or after the veteran's death, consisting solely of service department records that existed at the time of a prior VA decision but were not previously considered by VA, provides a basis for reopening a claim finally decided during the veteran's lifetime and for awarding a total service-connected disability rating retroactively in accordance with §§ 3.156(c) and 3.400(q)(2) of this part for the relevant period specified in paragraph (a)(2) of this section . . . .

38 C.F.R. § 3.22(b).

38 C.F.R. § 3.10(f)(3) contains substantially similar language.

veteran was "entitled to receive" disability payments to situations where the veteran would have been in receipt of such payments but for VA error. 70 Fed. Reg. at 72,214-15. The VA further interpreted the "entitled to receive" language to allow DIC benefits only if the entitlement to such benefits was retroactive to the veteran's lifetime. 70 Fed. Reg. at 72,215. CUE claims provide retroactive benefits, see 38 U.S.C. § 5109A(b), and the VA concluded that previously-existing records are the only kind of new and material evidence claims with such retroactive effect. 70 Fed. Reg. at 72,215; see also 38 U.S.C. § 5110(a) (2006). Finally, the VA reasoned that permitting other kinds of new and material evidence would create "prolonged evidentiary disputes, potentially involving medical opinions or lay testimony rendered many years after the events in question," and thus "would result in a process fraught with uncertainty." 70 Fed. Reg. at 72,215-16. National Organization of Veterans' Advocates and Paralyzed Veterans of America again sought review.

Petitioners contend that 38 U.S.C. § 5108 compels the VA to recognize all new and material evidence claims, and not merely those involving government records.[6] We see nothing in section 5108 that compels such an interpretation of sections 1311 and 1318. The VA's interpretation of sections 1311 and 1318 is entitled to deference if the requirements of Chevron have been satisfied. See Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837 (1984). Under Chevron, an agency's interpretation is entitled to deference if the relevant statutory provision is ambiguous (Chevron step 1) and if the agency's interpretation of that ambiguity is reasonable (Chevron step 2). In

---

[6] As noted earlier, section 5108 provides that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed,

our earlier opinions in <u>NOVA I</u> and <u>NOVA II</u>, we held that sections 1311(a)(2) and 1318 are ambiguous.  260 F.3d at 1377; 314 F.3d at 1378.

While some of the VA's rationales for limiting the interpretation of the "entitled to receive" language are less than convincing, the retroactivity rationale has considerable force.  We conclude that the VA's interpretation of sections 1311(a)(2) and 1318 as allowing compensation only in circumstances where the grounds for reopening a veteran's claim would provide retroactive relief is reasonable.  If the veteran, immediately before his death, could not secure retroactive compensation for the required period, it is reasonable to refuse to treat a surviving spouse or other DIC claimant as having shown that the veteran was "entitled to receive" compensation for the specified period during his lifetime.  Here the petitioners make no effort to establish that there are other situations (not covered by the regulations) in which, immediately before the veteran's death, retroactive disability compensation for the specified period would have been available to the veteran.  Under these circumstances we see no basis for invalidating the regulations.  Our holding in this respect does not, of course, foreclose an individual claimant from seeking to establish a right to compensation under sections 1311 and 1318 on the ground that the regulations are unduly limiting (and hence invalid as applied) because the regulations fail to recognize an additional retroactivity situation present in the particular case, but not covered by the regulations.[7]

---

the Secretary shall reopen the claim and review the former disposition of the claim."  38 U.S.C. § 5108.

[7]  Thus, we express no opinion, for example, on whether a surviving spouse or other DIC claimant could claim benefits under the statutes if an original disability claim (or a claim to reopen on grounds of new and material evidence) had been pending for more than the requisite period of years before the veteran's death, and should have

Petitioner Paralyzed Veterans of America contends that only veterans awarded direct service connection could benefit from the previously-existing service records provision, whereas veterans awarded presumptive service connection or secondary service connection could not, because service department records would be irrelevant for the adjudication of such claims under section 1318. Petitioners argue that consequently the service department record provision impermissibly benefits only one class of veterans. Even assuming that service department records would not be pertinent in these situations, the fact that the application of the VA regulations as a practical matter may benefit one class of veterans more than another, or not benefit one class of veterans at all, is not grounds for finding the VA's interpretation unreasonable.

## CONCLUSION

For the foregoing reasons, the VA's regulation is affirmed. In light of our disposition, we lift the stay imposed in NOVA II on the processing of claims under sections 1311(a)(2) and 1318. 314 F.3d at 1381-1382.

## AFFIRMED.

## COSTS

No costs.

---

been resolved in the veteran's favor. In such circumstances the claim could be argued to have a retroactive effect for the required period of years.