NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FAITH M. HIBBARD,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1720

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-80, Judge Michael P. Allen.

---

Decided: December 10, 2021

---

FAITH M. HIBBARD, Foley, AL, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, MARTIN F. HOCKEY, JR.

---

Before TARANTO, BRYSON, and STOLL, *Circuit Judges.*

PER CURIAM.

Faith M. Hibbard sought enhanced dependency and indemnity compensation under 38 U.S.C. § 1311(a)(2) after the death of her husband, Ronald Hibbard, a veteran. The relevant regional office of the Department of Veterans Affairs (VA) denied her claim, and the Board of Veterans' Appeals affirmed. Ms. Hibbard appealed the Board's decision to the Court of Appeals for Veterans Claims (Veterans Court), which affirmed the denial. *Hibbard v. Wilkie*, No. 20-0080, 2021 WL 96893 (Vet. App. Jan. 12, 2021); Appx. 1–5. Ms. Hibbard now appeals to us. We affirm.

I

Ronald Hibbard served in the United States Air Force from May 1966 to March 1970 and in the Army from August 1970 to November 1986. In November 1986, Mr. Hibbard filed a claim for disability benefits based on an allegedly service-connected bilateral knee condition, but the VA regional office denied the claim. Mr. Hibbard did not appeal the denial. He died in July 2007. He had filed no disability-benefits claim asserting a service-connected condition other than the November 1986 claim that had been denied.

Faith Hibbard, Mr. Hibbard's surviving spouse, sought dependency and indemnity compensation under 38 U.S.C. § 1310(a), at the rate specified in 38 U.S.C. § 1311(a)(1). VA eventually awarded the benefit in 2016. In March 2017, Ms. Hibbard sought enhanced dependency and indemnity compensation under 38 U.S.C. § 1311(a)(2), which provides increased benefits when the veteran, at the time of death, "was in receipt of or was entitled to receive . . . compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death." 38 U.S.C. § 1311(a)(2); 38 C.F.R. § 3.10(c). The regional office denied Ms. Hibbard's claim, and she appealed to the Board.

The Board found that Mr. Hibbard was not receiving compensation for any service-connected disability at the time of his death.  The Board also found that Mr. Hibbard was not, at the time of his death, "entitled to receive" such compensation.  Appx. 13–16.  For that conclusion, the Board reasoned that the governing regulatory definition of "was entitled to receive," 38 C.F.R. § 3.10(f)(3), precluded the "hypothetical entitlement" theory presented by Ms. Hibbard, namely, that Mr. Hibbard would have received benefits for a disability lasting the required period of time had he applied for them.  Appx. 15 (citing *Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 476 F.3d 872, 876–77 (Fed. Cir. 2007)).  Thus, the Board found that the statutory requirement for enhanced benefits under 38 U.S.C. § 1311(a)(2) was not met, and it denied Ms. Hibbard's claim for enhanced benefits.

 Ms. Hibbard appealed to the Veterans Court.  The Veterans Court, conducting the same analysis of 38 U.S.C. § 1311(a)(2) and 38 C.F.R. § 3.10(f) as the Board, affirmed, holding that the Board had correctly applied the law and provided sufficient explanation for its decision.  *Hibbard*, 2021 WL 96893, at \*3.

Ms. Hibbard timely appealed to this court.

## II

This court's jurisdiction to review decisions of the Veterans Court, defined by 38 U.S.C. § 7292, is limited.  We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation.  *Id.* § 7292(a), (d)(1).  We lack jurisdiction to entertain a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case where, as here, the appeal presents no constitutional issue.  *Id.* § 7292(d)(2).

When a veteran dies "from a service-connected or compensable disability," the veteran's "surviving spouse, children, and parents" are eligible for "dependency and indemnity compensation." 38 U.S.C. § 1310(a). The basic rate of dependency and indemnity compensation for a surviving spouse is currently $1,154 per month. 38 U.S.C. § 1311(a)(1); 38 C.F.R. § 3.10(b). That benefit is increased by a certain amount (currently $246 per month) "in the case of the death of a veteran who at the time of death was in receipt of or *was entitled to receive* . . . compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death." 38 U.S.C. § 1311(a)(2) (emphasis added); 38 C.F.R. § 3.10(c).

An agency regulation, 38 C.F.R. § 3.10(f)(3), defines the "was entitled to receive" standard of 38 U.S.C. § 1311(a)(2) and 38 C.F.R. § 3.10(c). The regulation requires that the veteran had "filed a claim for disability compensation during his or her lifetime" *and* that any of three further conditions be met: (1) the veteran would have received the qualifying total-disability compensation "but for clear and unmistakable error committed by VA in a decision on a claim filed during the veteran's lifetime"; (2) additional evidence in the form of "service records that existed at the time of a prior VA decision but were not previously considered" in that decision, would permit reopening a claim decided in the veteran's life to award the requisite total-disability compensation; or (3) the veteran, at the time of death, had "a service-connected disability recognized that was continuously rated totally disabling by VA for [the requisite eight-year period], but was not receiving compensation" for it for one of a few enumerated reasons. 38 C.F.R. § 3.10(f)(3).

The Veterans Court found that Mr. Hibbard, during his lifetime, had filed only the single denied claim seeking disability compensation in 1986 for the bilateral knee condition. *Hibbard*, 2021 WL 96893, at *3. Next, considering

the three possible qualifying circumstances described in 38 C.F.R. § 3.10(f)(3), the Veterans Court found that (1) Ms. Hibbard had presented no evidence of clear or unmistakable error related to that denial, (2) she had not put forward any additional service records that VA had not considered that might establish a basis for the requisite total-disability compensation, and (3) Mr. Hibbard did not have a service-connected condition recognized by VA in a total-disability rating before his death. *Id.* Thus, the Veterans Court concluded that Mr. Hibbard had not been "entitled to receive" the requisite total-disability compensation and, therefore, Ms. Hibbard was not entitled to the enhanced benefits.

To the extent that Ms. Hibbard challenges the Veterans Court's determination that Mr. Hibbard did not fall within the agency definition of "was entitled to receive," we lack jurisdiction to review that determination. 38 U.S.C. 7292(d)(2). But Ms. Hibbard also questions the validity of 38 C.F.R. § 3.10(f)(3) by contending that the language "was entitled to receive" may encompass cases where, even though the veteran dies without filing a claim, the surviving spouse files an "initial claim" seeking enhanced dependency and indemnity compensation. *See* Hibbard Informal Br. 9–10. The validity of a regulation is a legal question within our jurisdiction.

In *National Organization of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs*, 476 F.3d 872 (Fed. Cir. 2007) (*NOVA*), we considered the then-newly promulgated definition of "was entitled to receive" in 38 C.F.R. § 3.10(f)(3). *Id.* at 875–76. That definition differed critically from a previous regulation that had permitted the surviving spouse to present new and material evidence of a service-connected totally disabling condition to meet the "was entitled to receive" requirement of 38 U.S.C. § 1311(a)(2). *Id.* at 874–75 (citing *Hix v. Gober*, 225 F.3d 1377, 1380–81 (Fed. Cir. 2000)). We observed that the phrase "entitled to receive" as it appears in 38 U.S.C.

§ 1311(a)(2) was ambiguous, and we held that VA's new interpretation was reasonable and hence lawful. *Id.* at 876 (citing *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). We relied on the agency rationale of aligning the exceptional "was entitled to receive" situations with the few situations in which a veteran may obtain "retroactive" compensation for a service-connected condition. *Id.*

None of Ms. Hibbard's arguments undermine our previous holding, which recognized the possibility of an as-applied challenge to 38 C.F.R. § 3.10(f)(3) if it were applied to deny compensation in circumstances where the veteran would have qualified for retroactive compensation had the veteran filed a claim prior to death. *NOVA*, 476 F.3d at 876. Ms. Hibbard has not shown that Mr. Hibbard's situation would have qualified him for retroactive compensation for the required service-connected condition. Rather, Ms. Hibbard suggests a much broader interpretation of "was entitled to receive" similar to that of the agency's previous regulation, but we squarely held in *NOVA* that the agency reasonably (and hence lawfully) departed from that earlier regulation. *Id.* And Ms. Hibbard's other arguments based on *Henderson v. Shinseki*, 562 U.S. 428 (2011), the definition of "initial claim" in 38 C.F.R. § 3.1(p)(1), and regulations governing the interpretation of examination reports at 38 C.F.R. § 4.2 fail to address the relevant scenario of claims for enhanced dependency and indemnity compensation under 38 U.S.C. § 1311(a)(2). *See* Hibbard Informal Br. 10–14.

### III

For the foregoing reasons, we affirm the decision of the Veterans Court.

The parties shall bear their own costs.

**AFFIRMED**