Christine HIX, Claimant–Appellee,

and

Mary L. Pardue, Claimant–Appellee,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Respondent–Appellant.

Nos. 99–7094, 99–7102.

United States Court of Appeals, Federal Circuit.

Sept. 20, 2000.

David D'Zurilla, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., of Arlington, Virginia, argued for claimant-appellee, Christine Hix.

Gary E. Guy, Bruder, Gentile & Marcoux, L.L.P., of Washington, DC, argued for claimant-appellee, Mary L. Purdue.

John J. Field, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellant. With him on the brief were David W. Ogden, Assistant Attorney General; David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief was David Barrans, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, NEWMAN and PLAGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The Secretary of Veterans Affairs ("VA") appeals two decisions of the United States Court of Appeals for Veterans

Claims relating to entitlement of the claimants, both surviving spouses of veterans who died of service-connected causes, to qualify for enhanced dependency and indemnity compensation ("DIC"). On motion of the VA, the appeals were consolidated for briefing and argument.[1]

Our appellate authority includes review of the interpretation of a statute or regulation by the Court of Appeals for Veterans Claims. *See* 38 U.S.C. § 7292(a),(c),(d) (Supp. IV 1998).

## THE SURVIVORS' CLAIMS

### *The Hix Claim*

Mr. J.D. Hix, who had been wounded in World War II, died of acute renal failure as a result of cirrhosis. Mr. Hix's widow filed a DIC claim, asserting that Mr. Hix had contracted hepatitis from a blood transfusion in 1972 in a VA hospital, and that the cirrhosis that caused his death was caused by the hepatitis. The VA regional office found that there was evidence to support the claim, and awarded Mrs. Hix DIC benefits under 38 U.S.C. § 1310(a). At the time of that decision, the regional office did not determine the level of Mr. Hix's disability due to cirrhosis or the effective date of that disability. The Court of Appeals for Veterans Claims postulated that no rating or effective date was assigned because the rate at which DIC benefits were paid was based on rank and not the level of disability.

In 1992 Congress provided, in 38 U.S.C. § 1311(a)(2), for payment of enhanced DIC under circumstances of total disability of the veteran for at least the eight years immediately preceding death. The relevant portions of § 1311(a) are:

(a)(1) Dependency and indemnity compensation shall be paid to a surviving spouse at the monthly rate of $881.

(2) The rate under paragraph (1) shall be increased by $191 in the case of the death of a veteran *who at the time of death was in receipt of or was entitled to receive* (or but for the receipt of retired pay or retirement pay was entitled to receive) compensation for a service-connected disability *that was rated totally disabling for a continuous period of at least eight years* immediately preceding death. In determining the period of a veteran's disability for purposes of the preceding sentence, only periods in which the veteran was married to the surviving spouse shall be considered.

38 U.S.C. § 1311(a) (emphases added). Mrs. Hix inquired, and the regional office responded that because Mr. Hix was rated service-connected for gunshot residuals at 0% and had been receiving a non-service-connected pension before his death, she was not eligible for enhanced DIC payments under § 1311(a)(2). On appeal, the Board of Veterans Appeals ruled that the statute did not entitle Mrs. Hix to an assessment of whether Mr. Hix would have been rated totally disabled based on hepatitis/cirrhosis had he sought such evaluation when he was alive:

[T]o conclude that the veteran would have been totally disabled for a continuous period of at least eight years if he had applied for benefits 8 years prior to his death, is mere speculation and, consequently, provides no basis to grant the benefit sought in view of the governing statutory criteria.

Mrs. Hix appealed to the Court of Appeals for Veterans Claims. Rejecting the VA's argument that it could reopen the matter only for clear and unmistakable error in a prior disability rating, the court ruled that there could not be clear and unmistakable error in a prior disability rating because there was no prior rating at all. The court held that the statute indeed required the VA to determine whether the veteran's disability met the statutory criterion of eight years of total disability. The court stated that "a claimant pursuing en-

---

**1.** *Hix v. West,* 12 Vet.App. 138 (1999); *Pardue v. West,* No. 97–1789, 1999 WL 79512 (Vet. App. Feb.8, 1999).

hanced DIC benefits under 38 U.S.C. § 1311(a)(2) has the right to obtain a determination as to whether the deceased veteran hypothetically would have been entitled to receive compensation at a total disability rating for a continuous period of at least eight years immediately preceding death," and remanded Mrs. Hix's claim to the BVA for determination of the factual questions of the degree and duration of Mr. Hix's disability.

### The Pardue Case

Veteran Pardue had a 60% disability rating while alive; the question on appeal is the basis, if any, on which that rating is subject to redetermination upon a claim for enhanced DIC. The Court of Appeals for Veterans Claims held that the surviving spouse is entitled to "the hypothetical determination set forth in *Hix*" as to whether the veteran would have been "entitled to" a total disability rating for the eight years preceding death.

In March 1965 the regional office had awarded Mr. Pardue service connection for multiple sclerosis and a 30% disability rating. The disability rating was increased to 60% in 1968, in view of a VA doctor's classification of Mr. Pardue's "industrial adjustment" as "[i]mpairment severe." Mr. Pardue requested a 100% rating in 1972 and again in 1974, but the regional office denied the requests. Mr. Pardue did not appeal these denials. He died in 1981 as a result of multiple sclerosis. Mrs. Pardue received DIC under 38 U.S.C. § 1310.

After enactment in 1992 of § 1311(a)(2), Mrs. Pardue requested enhanced DIC. She stated that she believed that Mr. Pardue was 100% disabled by 1966, and submitted evidence relating to his medical and employment history. The regional office found that she had not submitted new and material evidence that was sufficient to reopen a claim for entitlement to a 100% rating beginning in 1966, and denied her request for enhanced DIC. The Board of Veterans Appeals, affirming, held that Mrs. Pardue had not shown clear and un-

mistakable error in the regional office's 1972 and 1974 rating decisions.

The Court of Appeals for Veterans Claims, citing its decision in *Hix*, remanded to the Board with instructions to determine whether Mr. Pardue was totally disabled for the eight years immediately preceding his death, and to make that determination independent of the absence of clear and unmistakable error in the BVA's earlier decisions.

### The Issue

The issue is whether 38 U.S.C. § 1311(a)(2) requires retrospective determination of the extent and duration of disability of a deceased veteran, and the conditions governing that determination. The VA states that the Court of Appeals for Veterans Claims, and this court, are required to defer to the VA's statutory interpretation, which is that the Board will not retroactively reassess disability unless clear and unmistakable error has been shown in a prior disability rating. The VA also states that the veterans' court's interpretation is inconsistent with the statutory and regulatory framework and the legislative history. The appellees respond that the court correctly interpreted the statute and applicable regulation, and that there is no ambiguity in statute or regulation such as would require judicial deference to the VA's interpretation.

## STATUTORY INTERPRETATION

■ 38 U.S.C. § 1310 provides that when a veteran dies from a service-connected disability, the veteran's surviving spouse is eligible for DIC. 38 C.F.R. § 20.1106 provides that, except for claims under 38 U.S.C. § 1318, a claim for DIC is decided without regard to prior unfavorable adjudication of claims before the veteran's death:

**38 C.F.R. § 20.1106 Claim for death benefits by survivor—prior unfavorable decisions during veteran's lifetime**

*Except with respect to benefits under the provisions of 38 U.S.C. 1318 and*

certain cases involving individuals whose Department of Veterans Affairs benefits have been forfeited for treason or for subversive activities under the provisions of 38 U.S.C. 6104 and 6105, *issues involved in a survivor's claim for death benefits will be decided without regard to any prior disposition* of those issues during the veteran's lifetime.

(Emphases added.) This requirement is dispositive of the interpretation of 38 U.S.C. § 1311. Although the government directs attention to 38 U.S.C. § 1318 and its implementing regulations, which relate to veterans whose death was not service-connected, § 20.1106 explicitly excludes benefits under the provision of § 1318. The VA argues that this court should be guided by the agency's interpretation of § 1318, and that we should limit the retrospective inquiry under § 1311 to clear and unmistakable error. However, 38 C.F.R. § 20.1106 is explicit in separating § 1318 from survivors' claims when death was from service-connected causes.

■ The VA argues that we should defer to its statutory interpretation, citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). However, the VA does not mention 38 C.F.R. § 20.1106, which on its face is in conflict with the VA position. This regulation expressly states that it applies "Except with respect to benefits under the provisions of 38 U.S.C. § 1318." This too appears to conflict with the agency's position that this court should apply the § 1318 regulations (non-service-connected death) to claims under § 1310 (service-connected death). Section 20.1106 clearly states that issues of death benefits receive, except for claims under § 1318, determination "without regard to any prior disposition." Accordingly, the agency's contrary position can not be accepted.

■ We are also guided by the general interpretive rule that veterans benefit statutes are construed liberally in favor of the veteran. *See, e.g., Brown v. Gardner,* 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) ("interpretative doubt is to be resolved in the veteran's favor"); *King v. St. Vincent's Hospital,* 502 U.S. 215, 220–221 n. 9, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991) (referring to "the canon that provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor"); *Coffy v. Republic Steel Corp.,* 447 U.S. 191, 196, 100 S.Ct. 2100, 65 L.Ed.2d 53 (1980) ("The statute is to be liberally construed for the benefit of the returning veteran.").

Section 20.1106 is explicit that "issues involved in a survivor's claim for death benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime." The VA's proposal that the courts should accept an administrative interpretation of a different statute and reach a result contrary to § 20.1106, is not a plausible construction of the applicable statutory and regulatory provisions, and receives no deference. Further, the VA interpretation does not comport with the veterans interpretive rule or 38 C.F.R. § 3.102 (specifying the "defined and consistently applied policy" of the agency to "administer the law under a broad interpretation"). Under the VA's requirement that there must have been a prior disability rating and it must contain clear or unmistakable error, these survivors could present no claim.

The VA also argues that the court's interpretation is inconsistent with the principle of administrative finality, in that rating decisions would now be subject to reexamination years after those decisions became final. Indeed so, for § 1311 so requires. Although any difficulty of proof after the veteran's death may affect the survivor's burden, it does not annul the statute.

We affirm the ruling of the Court of Appeals for Veterans Claims that the "entitled to receive" provision of § 1311(a)(2) requires *de novo* determination of the veteran's disability, upon the entirety of the record including any new evidence pre-

sented by the surviving spouse. The court correctly remanded to the agency for appropriate proceedings in implementation of its decision.

*AFFIRMED*

Costs to appellees.