# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0887

SALLY E. FRIEDLUND, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   July 23, 2007   )

*Daniel D. Wedemeyer*, of West Hills, California, was on the briefs for the appellant.

*Catherine A. Chase,* with whom *Tim S. McClain,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

*Catherine A. Chase,* with whom *John H. Thompson,* Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, all of Washington, D.C., were on the appellee's motion for reconsideration, or, in the alternative, for panel review.

Before HAGEL, MOORMAN, and LANCE, *Judges.*

MOORMAN, *Judge*:  The appellant, Sally E. Friedlund, the surviving spouse of the veteran, Robert G. Friedlund, appeals through counsel a May 12, 2004, Board of Veterans' Appeals (Board) decision that denied entitlement to increased dependency and indemnity compensation (DIC) benefits pursuant to 38 U.S.C. § 1311(a)(2) based on a finding that a March 1987 VA regional office (RO) decision that denied the veteran a total disability rating for post-traumatic stress disorder (PTSD) was not the product of clear and unmistakable error.  Record (R.) at 1-7.  On September 1, 2006, the Court issued a single-judge memorandum decision vacating the May 2004 Board decision and remanding for further proceedings.  On September 21, 2006, the Secretary filed a motion for reconsideration of the September 1, 2006, decision, or, in the alternative, for a panel decision.  For

the reasons that follow, the Court will grant the Secretary's motion for reconsideration, withdraw the Court's September 1, 2006, memorandum decision, and issue this decision in its stead.

## I. BACKGROUND

The veteran, Robert G. Friedlund, served on active duty in the U.S. Army from November 1966 to November 1968. R. at 11. In June 1983, the Board denied the veteran's claim for service connection for PTSD. R. at 116-23. He appealed the denial, and the Board ultimately granted service connection for PTSD in January 1987. R. at 231-38. In March 1987, the RO assigned a 50% disability rating for the veteran's service-connected PTSD, effective December 29, 1983. R. at 240-41. This decision became final. R. at 287, 300. On June 8, 1995, the veteran died from a drug overdose, at which time he had a claim pending for an increased disability rating for PTSD. R. at 468. The veteran was not service-connected for any other disability during his lifetime.

In July 1995, Mrs. Friedlund submitted an application for DIC, asserting that she was entitled to DIC pursuant to 38 U.S.C. § 1310 because her husband's service-connected PTSD caused his fatal drug overdose.[1] R. at 464-67. In February 1996, the RO denied, inter alia, her claim for DIC because the evidence failed to show that the veteran's death was related to service. R. at 474-75. Mrs. Friedlund, through counsel, appealed this decision to the Board, and, in the alternative, argued that the Board should award her DIC benefits under 38 U.S.C. § 1318 because the veteran would have been entitled to receive a total disability rating for his service-connected PTSD for a period of ten years or more immediately preceding his death but for the existence of clear and unmistakable error in the March 1987 RO decision.[2] R. at 524-33. In April 1998, the Board granted a 100%

---

[1] 38 U.S.C. § 1310 provides for the payment of DIC benefits to the survivor of a veteran who died from a service-connected disability. *See* 38 U.S.C. § 1310(a); *Dyment v. West*, 13 Vet.App. 141 (1999), *aff'd sub nom. Dyment v. Principi*, 287 F.3d 1377 (Fed. Cir. 2002); 38 C.F.R. § 3.312(a) (2006).

[2] 38 U.S.C. § 1318 provides for the payment of DIC benefits to the survivor of a veteran whose death was not caused by a service-connected disability only if the veteran was in receipt of or was entitled to receive disability compensation at the time of death for a service-connected disability that was continuously rated totally disabling for a period of 10 years or more immediately preceding death. *See* 38 U.S.C. § 1318(b)(1); 38 C.F.R. § 3.22(a)(2)(i), (b)(1) (2006) (providing that a veteran's survivors are entitled to receive DIC benefits pursuant to 38 U.S.C. § 1318 if the "veteran would have received total disability compensation at the time of death for a service-connected disability rated totally disabling for [a continuous period of at least 10 years immediately preceding death] but for clear and unmistakable error committed by VA in a decision on a claim filed during the veteran's lifetime").

disability rating for PTSD for the two years prior to the veteran's death for the purposes of accrued benefits and remanded for readjudication Mrs. Friedlund's claims for DIC benefits under 38 U.S.C. §§ 1310 and 1318. R. at 559-61. In August 1999, the Board denied entitlement to DIC benefits under both theories of entitlement – section 1310 and section 1318 – because it determined that the veteran's death was due to his own willful misconduct. R. at 595-603. Mrs. Friedlund appealed that decision, and, in February 2000, this Court vacated the decision and remanded, following a joint motion for remand stating that the Board failed to provide an adequate statement of reasons or bases for, inter alia, its finding that no medical evidence associated the veteran's drug abuse with his service-connected PTSD. R. at 606, 609.

In January 2001, the Board determined that the veteran's drug overdose was related to his service-connected PTSD and awarded DIC benefits pursuant to 38 U.S.C. § 1310.[3] R. at 622-25. In doing so, the Board denied as moot Mrs. Friedlund's claim for entitlement to DIC benefits pursuant to 38 U.S.C. § 1318. R. at 625. In December 2001, Mrs. Friedlund disagreed with a subsequent RO decision that implemented the January 2001 Board decision and argued that she was entitled to DIC benefits pursuant to 38 U.S.C. § 1311(a)(2). R. at 638. In May 2004, the Board issued the decision on appeal in which it denied entitlement to DIC benefits under 38 U.S.C. § 1311(a)(2) based on a finding that the March 1987 RO decision did not contain clear and unmistakable error. R. at 1-7. The Board also found that 38 U.S.C. § 1311(a)(2) specifically prohibited "hypothetical entitlement" as an additional basis for establishing eligibility to a higher rate of DIC benefits. R. at 6-7.

## II. CONTENTIONS ON APPEAL

On appeal, the appellant makes three assignments of error in advancement of her claim for DIC benefits pursuant to 38 U.S.C. § 1311(a)(2). First, she argues that the Board's determination that clear and unmistakable error did not exist in the March 1987 RO decision was arbitrary and

---

[3] *See Allen v. Principi*, 237 F.3d 1368, 1376 (Fed. Cir. 2001); VA Gen. Coun. Prec. 7-99 (June 6, 1999) ("VA may award [DIC] to a veteran's survivors based on either the veteran's death from a substance-abuse disability secondarily service connected under 38 C.F.R. § 3.310(a) (entitlement established under 38 U.S.C. § 1310) or based on a veteran's death while in receipt of or entitled to receive compensation for a substance-abuse disability secondarily service connected under section 3.310(a) and continuously rated totally disabling for an extended period immediately preceding death (entitlement established under 38 U.S.C. § 1318.").

capricious, and she asserts that reversal is appropriate where (1) the Board failed to discuss a February 1987 Battle Creek, Michigan, VA Medical Center discharge summary of record and (2) the record before the RO undebatably established that the veteran's PTSD symptoms prevented him from obtaining or retaining employment, thus entitling him to a higher schedular rating for his service-connected PTSD. *See* Appellant's Brief (App. Br.) at 10-22. Secondly, the appellant argues that she is entitled to DIC benefits based on a "hypothetical entitlement" determination of the veteran's degree of disability for the eight years preceding his death. *See* App. Br. at 22-23. Finally, the appellant argues in the alternative that remand is appropriate because the Board failed to provide an adequate statement of reasons or bases for its decision. *See* App. Br. at 24-26.

The Secretary concedes that remand of the appellant's claim for DIC benefits pursuant to 38 U.S.C. § 1311(a)(2) is appropriate to determine whether the veteran was hypothetically entitled to receive a total disability evaluation for the 8-year period immediately preceding his death. *See* Secretary's Brief (Sec'y Br.) at 4-5. However, the Secretary urges the Court to affirm the Board's determination that clear and unmistakable error did not exist in the March 1987 RO decision. *See* Sec'y Br. at 5-13. In this regard, the Secretary argues that the appellant's claim is nothing more than an allegation that the RO improperly weighed the evidence, which cannot be the basis for asserting clear and unmistakable error in a final decision. *See* Sec'y Br. at 7-10. Moreover, the Secretary argues that the February 1987 discharge summary was not part of "the record" for purposes of review of the appellant's claim that clear and unmistakable error existed in the March 1987 RO decision. *See* Sec'y Br. at 11-12. Finally, the Secretary notes that the March 1987 RO decision was not the product of clear and unmistakable error because the RO subsequently requested and received the February 1987 discharge summary and, after reviewing the report, reaffirmed the 50% disability rating. *See* Sec'y Br. at 12-13.

4

## III. ANALYSIS

### A. Applicable Law

Section 1311, title 38, U.S. Code provides, in relevant part, that, where a veteran's surviving dependent has been awarded DIC benefits pursuant to 38 U.S.C. § 1310, a claimant may be entitled to DIC at an increased rate of payment (enhanced DIC) if the veteran "was in receipt of or was entitled to receive . . . compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death."  38 U.S.C. § 1311(a)(2).  In December 2001, when the appellant first argued that she was entitled to enhanced DIC under 38 U.S.C. § 1311, the regulation implementing the "entitled to receive" statutory language of 38 U.S.C. § 1311(a)(2) then provided: "Except with respect to benefits under the provisions of 38 U.S.C. [§] 1318 . . . issues involved in a survivor's claim for [DIC] benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime."  38 C.F.R. § 20.1106 (2001).  In *Hix v. Gober*, 225 F.3d 1377 (Fed. Cir. 2000), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that "the 'entitled to receive' provision of § 1311(a)(2) requires de novo determination of the veteran's disability, upon the entirety of the record including any new evidence presented by the surviving spouse."  *See id.* at 1380-81; *Hatch v. Principi*, 18 Vet.App. 527, 529-30 (2004) (permitting the adjudication of enhanced DIC claims by the Board on a hypothetical basis).

After the Federal Circuit issued its decision in *Hix*, VA amended 38 C.F.R. § 20.1106 to read as follows: "Except with respect to benefits under the provisions of 38 U.S.C. [§§] *1311(a)(2)* [and] 1318 . . . issues involved in a survivor's claim for [DIC] benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime."  67 Fed. Reg. 16,309, 16,317 (April 5, 2002) (codified at 38 C.F.R. § 20.1106 (2002)) (emphasis added); *see Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 314 F.3d 1373, 1377 (Fed. Cir. 2003).  VA also interpreted the "entitled to receive" language found in 38 U.S.C. § 1311(a)(2) "to include situations where, during the veteran's lifetime, the claim could have been reopened based on clear and unmistakable error, and also where reopening could have occurred based on new evidence 'consisting solely of service department records that existed at the time of a prior VA decision but were not previously considered by VA.'"  *See Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 476 F.3d 872 (Fed. Cir. 2007) (*NOVA III*); 38 C.F.R. § 3.22(b) (2006).  The

regulation in effect at the time of the Board decision on appeal is identical to the amended version of 38 C.F.R. § 20.1106 in effect in 2002. *See* 38 C.F.R. § 20.1106 (2003).

In August 2005, the Court issued *Rodriguez v. Nicholson*, 19 Vet.App. 275 (2005), *appeal docketed*, No. 06-7023 (Fed. Cir. Nov. 14, 2005). In *Rodriguez*, the Court addressed whether an amended version of 38 C.F.R. § 3.22 – the regulation implementing 38 U.S.C. § 1318 – could be applied to claims pending at VA on January 21, 2000, the date when the amended version of that regulation went into effect. The Court concluded that the "entitled to receive" language contained in 38 U.S.C. § 1318(b) established a substantive right in effect during the pendency of Mrs. Rodriguez's claim and that the Secretary's subsequent attempt to apply the amended version of § 3.22, which eliminated the "entitled to receive" theory, constituted an impermissible retroactive application of the amended regulation. *See Rodriguez*, 19 Vet.App. at 287. Because the Court "[wa]s aware of no express authority allowing VA to make its regulations retroactive," the Court determined that Mrs. Rodriguez was entitled to pursue her enhanced DIC claim based on the hypothetical entitlement theory as it existed before § 3.22 was amended. *See id.* at 290.

## B. Application of Law to Facts

In its May 2004 decision, the Board denied the appellant's claim for enhanced DIC under 38 U.S.C. § 1311(a)(2), finding that the veteran was not entitled to receive disability compensation at the time of his death for a service-connected disability that was continuously rated totally disabling for a period of eight years or more immediately preceding his death because the March 1987 RO decision was not the product of clear and unmistakable error. *See* R. at 4-7. The Secretary concedes that remand of the appellant's claim for enhanced DIC under 38 U.S.C. § 1311(a)(2) is appropriate to determine whether "the veteran was hypothetically entitled to receive a total disability evaluation for the requisite period of time on the basis of a de novo determination of the veteran's disability." *See* Sec'y Br. at 4-5. Because the appellant's claim was pending at the time 38 C.F.R. § 20.1106 was amended, the Court agrees with the Secretary that the appellant is entitled to adjudication of her claim that the veteran was hypothetically entitled to receive a total disability evaluation under the de novo standard of review. *See Rodriguez* and *Hatch*, both *supra*; *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) (concluding that where Congress borrows language from one statute and incorporates it into a second statute, the language of one act should ordinarily be interpreted the same way as the other act); *Nat'l Org. of Veterans' Advocates, Inc. v.*

6

*Sec'y of Veterans Affairs*, 260 F.3d 1365, 1380-81 (Fed. Cir. 2001) (*NOVA I*) (noting that the regulations implementing both 38 U.S.C. §§ 1311(a)(2) and 1318 involved interpretations of the statutory "entitled to receive" language).

Because the Board applied the wrong standard of review in addressing the appellant's entitlement to enhanced DIC under 38 U.S.C. § 1311(a)(2), the Court cannot affirm that portion of the Board's analysis regarding clear and unmistakable error in the March 1987 RO decision, which is necessarily intertwined with its de novo analysis and decision on the overall issue of entitlement to enhanced DIC on a hypothetical entitlement basis. *See NOVA I*, 260 F.3d at 1379 n.13. To affirm that portion of the Board's decision finding no clear and unmistakable error in the March 1987 RO decision concerning the veteran's disability rating would potentially act to deprive the appellant of de novo review of that determination in connection with her claim for enhanced DIC under 38 U.S.C. § 1311(a)(2). This the Court cannot do. With respect to the appellant's other arguments that she is entitled to enhanced DIC pursuant to 38 U.S.C. § 1311(a)(2) based on the existence of clear and unmistakable error in the March 1987 RO decision, these arguments have been rendered moot by the Court's holding. *See Hix*, 225 F.3d at 1380-81. Nevertheless, the appellant remains free to raise these particular allegations of error on remand to the Board as it conducts de novo review to determine whether the veteran was entitled to receive a continuous and total disability rating for at least eight years immediately preceding his death.

To the extent the appellant may be attempting to assert a freestanding motion for revision on the basis of clear and unmistakable error (CUE) pursuant to 38 U.S.C. § 5109A, her attempt must be rejected. The Federal Circuit has held that surviving dependents may not challenge a prior RO decision where the surviving dependent was not a party to the decision. *See Haines v. West*, 154 F.3d 1298, 1301 (Fed. Cir. 1998) ("[A]lthough the CUE statute is certainly remedial, it is nonetheless unavailable to survivors concerning a veteran's disability benefits."); *see also NOVA I*, 260 F.3d at 1379 n.13 (clarifying, however, that, in certain situations not relevant here, a surviving spouse can properly assert, in the context of the surviving spouse's own DIC claim, that a previous final adjudication of the deceased veteran-spouse's claim upon which the success of the DIC claim depends was the product of clear and unmistakable error); *cf.* 38 C.F.R. §§ 20.1400, 20.1401(b) (2006) (precluding claimants from filing a motion for revision on the basis of CUE to those individuals who were an actual party to the decision being collaterally attacked).

The Court thus will vacate the Board's May 2004 decision and will remand the matter to the Board for further adjudication consistent with this decision.

## IV. CONCLUSION

Based on the foregoing analysis, the appellant's and the Secretary's briefs, and a review of the record on appeal, the Secretary's motion for reconsideration is GRANTED; the Court's September 1, 2006, decision is WITHDRAWN; and this decision is issued in its stead. The Board's May 12, 2004, decision is VACATED and the matters are REMANDED for readjudication consistent with this decision.