NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JESUS S. JUAREZ,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1879

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2386, Judge William S. Greenberg.

---

Decided: November 4, 2020

---

JESUS S. JUAREZ, San Antonio, TX, pro se.

RAFIQUE OMAR ANDERSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Jesus S. Juarez appeals a decision from the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veterans' Appeals (Board) decision that dismissed his motion for revision based on clear and unmistakable error (CUE) as insufficiently pled. Because we lack jurisdiction to review the Veterans Court's decision, we *dismiss* this appeal.

## BACKGROUND

Mr. Juarez served on active duty in the U.S. Army from August 1991 to April 1995. J.A. 5. On September 9, 1993, Mr. Juarez sustained severe injuries as a result of a motorcycle accident. J.A. 55. In conjunction with his discharge, Mr. Juarez filed a benefits claim for service connection for residuals of the accident, including left-lower extremity amputation with disarticulation at the hip, right hydronephrosis with renal insufficiency and urethral injury, rectal laceration requiring colostomy, and moderate dementia. J.A. 52. The regional office (RO) denied the claim in October 1995. *Id.* Instead of appealing the RO's decision, Mr. Juarez filed another claim for benefits in January 1996. J.A. 5. In response, the RO informed Mr. Juarez that reopening his claim required new and material evidence. J.A. 50. Because Mr. Juarez did not respond to this request, the RO denied his claim in June 1996. J.A. 48. Mr. Juarez did not appeal.

In February 2013, Mr. Juarez submitted a statement asserting a CUE claim. J.A. 44. He also submitted benefits claims for left leg amputation, hemipelvectomy, hip disarticulation, and spinal scoliosis. J.A. 5–6. In a January 2015 rating decision, the RO denied both the CUE motion and the benefits claims. *Id.* at 6. Mr. Juarez then timely

filed a notice of disagreement and appealed to the Board. J.A. 29–36.

In February 2019, the Board dismissed Mr. Juarez's CUE motion as insufficiently pled, finding that he had not clearly and specifically identified the rating decision he was challenging or the error of law or fact that would have manifestly changed the outcome. J.A. 13–14. The Board also remanded multiple matters to the RO to determine if Mr. Juarez's injuries were the result of an alcohol abuse disorder caused by a service-connected psychiatric disorder. *Id.* at 15–18. Mr. Juarez appealed the dismissal of the CUE motion to the Veterans Court. On March 27, 2020, the Veterans Court affirmed the decision of the Board. *Juarez v. Wilkie*, No. 19-2386, 2020 WL 1482460, (Vet. App. Mar. 27, 2020). Mr. Juarez then timely appealed to this court.

## DISCUSSION

Our jurisdiction to review a decision of the Veterans Court is limited by statute. *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, the court may not review "a challenge to a factual determination, or [] a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Interpretation of the contents of a claim for benefits is a factual issue over which we do not have jurisdiction. *Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008).

Here, Mr. Juarez does not challenge the validity of any statute or regulation nor identify any incorrect legal interpretation in the Veterans Court's opinion. He also does not identify any arguable violations of his constitutional rights.

Instead, Mr. Juarez argues that the Veterans Court erroneously determined that his CUE motion was insufficiently pled—challenging the factual determinations made by the Veterans Court as well as the Veterans Court's application of the CUE pleading requirements to his case.

We lack jurisdiction to review the Veterans Court's finding that Mr. Juarez's CUE motion was insufficiently pled. The question of whether Mr. Juarez sufficiently and clearly raised a CUE claim would require us to review and interpret the contents of his claim, a factual determination not within our jurisdiction per § 7292(d)(2). *See Kernea v. Shinseki*, 724 F.3d 1374, 1382 (Fed. Cir. 2013) (concluding that we lack jurisdiction to review the dismissal of a CUE claim for failure to identify a specific error or a rating decision the appellant alleges contains CUE because it would "require us to review and interpret the contents of her claim," a factual issue); *see also Andrews v. Nicholson*, 421 F.3d 1278, 1283 (Fed. Cir. 2005) ("Quite simply, the [Department of Veterans Affairs'] duty to sympathetically read a veteran's pro se CUE motion to discern all potential claims is antecedent to a determination of whether a CUE claim has been pled with specificity.").

Additionally, Mr. Juarez contends that the Veterans Court's holding was prejudicial and misquoted a December 1993 service department memorandum. Appellant's Br. at 3–4. Despite Mr. Juarez's characterization of these issues as constitutional, they are constitutional in name only, and thus, beyond our jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[Appellant's] characterization of [the] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

Mr. Juarez further contends that the Veterans Court erred by denying him a presumption of a service connection. Appellant's Br. at 5. Given that the Veterans Court never addressed this particular matter, we interpret Mr. Juarez's contentions to be directed to the RO instead

of the Veterans Court.  *See Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (noting that pro se pleadings should be liberally construed).  Whether the RO denied Mr. Juarez the presumption of service connection is not the subject of this appeal.  Therefore, the statutes and regulations governing the presumption of service connection were not relied upon or interpreted by the Veterans Court in making its decision.  Accordingly, we lack jurisdiction to review this issue.  38 U.S.C. § 7292(a).

Mr. Juarez also makes a number of other arguments: (1) the Veterans Court did not explain how his February 2013 CUE motion failed to collaterally attack a final June 1996 adverse decision by the RO; (2) the Veterans Court failed to satisfy or ignored the requirements of § 5109A(a) and (b); and (3) the Veterans Court failed to note both a police accident report and his honorable discharge.  Appellant's Br. at 2–3.  As these arguments relate to factual disputes or applications of law to fact, we lack jurisdiction to review them.  38 U.S.C. § 7292(d)(2).

## CONCLUSION

We have considered Mr. Juarez's remaining arguments and find them unpersuasive or beyond our jurisdiction to review.  Accordingly, the appeal from the final judgment of the Veterans Court is dismissed.

## **DISMISSED**

### COSTS

No costs.