Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200507-85960
DATE: July 30, 2021

ORDER

New and relevant evidence has not been received to warrant readjudicating a claim of entitlement to Dependency and Indemnity Compensation (DIC) under the provisions of 38 U.S.C. § 1318. 

FINDINGS OF FACT

1. In a prior October 2013 rating decision, the local regional office (RO) denied the claim of entitlement to § 1318 DIC; that decision was not appealed and new and material evidence was not actually or constructively received within the one-year appeal period for contesting that prior decision.

2. The additional evidence since received is cumulative or redundant of evidence of record at the time of that prior decision and considered in it or does not tend to prove or disprove a matter at issue concerning this claim. 

CONCLUSION OF LAW

Because there is not new and relevant evidence, the criteria for are not met for readjudicating this claim of entitlement to § 1318 DIC. 38 C.F.R. § 3.156(d).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from October 1961 to January 1965. 

Regrettably, the Veteran died in August 2013. The appellant is his adopted grandson at the age of maturity, who has been deemed by this agency to have permanent incapacity for self-support. 

This current appeal to the Board of Veterans' Appeals (Board) is from a March 2020 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

On his May 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement (NOD)), the appellant elected the "Direct Review" docket. Therefore, the Board must determine whether new and relevant evidence has been received to warrant readjudicating this claim if only considering the evidence of record at the time of the decision that has been appealed. See 38 C.F.R. § 20.301.

New and relevant evidence has not been received to warrant readjudicating this claim for § 1318 DIC

In the prior "legacy" system, new and material evidence was required to reopen a claim that had been previously considered, denied, and not appealed. See 38 C.F.R. § 3.156 (2018).

However, VA since has transitioned to a new appeals system following implementation of the Appeals Modernization Act (AMA) and will readjudicate a claim, instead, if new and relevant evidence is presented or secured. See 38 C.F.R. § 3.156(d). New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. See 38 C.F.R. § 3.2501(a)(1).

Here, though, the Board finds that new and relevant evidence has not been received to warrant readjudicating this claim for § 1318 DIC.

According to 38 U.S.C. § 1318, VA death benefits may be paid to a deceased Veteran's surviving spouse or children in the same manner as if the Veteran's death is service-connected, even though the Veteran died of non-service-connected causes, if the Veteran's death was not the result of his or her willful misconduct and, at the time of death, the Veteran was receiving, or was "entitled to receive," compensation for service-connected disability that (1) was continuously rated as totally disabling for the 10 years immediately preceding death, (2) was continuously rated as totally disabling for a period of not less than 5 years from the date of his discharge or release from active duty or (3) was continuously rated as totally disabling for a period of not less than one year immediately preceding death, and the Veteran was a former prisoner of war (POW) who died after September 30, 1999. 38 U.S.C. § 1318; 38 C.F.R. § 3.22(a). The total rating may be schedular or a total disability rating based on individual unemployability (TDIU). 38 C.F.R. § 3.22(c).

In National Organization of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 314 F.3d 1373 (Fed. Cir. 2003) (NOVA II), it was held that the "entitled to receive" language of 38 U.S.C. §§ 1311(a)(2) and 1318 could be interpreted in the same way. NOVA II, at 1378. The interpretation was that the two sections barred the filing of new claims, that is, claims where no claim had been filed during the veteran's lifetime or the claim had been denied and was not subject to reopening. Id., at 1378. Specifically, they bar "new claims filed posthumously by a veteran's survivor, that is, claims where no claim had been filed during the veteran's life or the claim had been denied and was not subject to reopening." Id., at 1379.

The Board recognizes that, previously, effective statutes and regulations permitted a theory of "hypothetical entitlement" for claims under §§ 1311(a)(2) and 1318. See, e.g., Hix v. Gober, 225 F.3d 1377 (Fed. Cir. 2000) (applying § 1311(a)(2)); Wingo v. West, 11 Vet. App. 307 (1998) (applying § 1318).

The effective date of the changes to 38 C.F.R. §§ 3.10 and 20.1106, however, that eliminated hypothetical entitlement for DIC cases was December 2, 2005. See 70 Fed. Reg. at 72,212.

The October 2013 rating decision denied this § 1318 DIC claim because the Veteran was rated totally disabled as of January 2004 but had died in August 2013 so just shy of the 10-year requirement of § 1318. Further, he was neither rated as totally disabled nor had died within 5 years of his discharge from the military in January 1965 and was not a former POW. 

The RO notified the appellant of its decision and of his right to appeal that decision, but he did not, nor was any additional evidence concerning this claim actually or constructively received within a year following notification of that decision. Therefore, that prior decision is final and binding based on the evidence then of record. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.156, 19.20, 19.21, 19.52, 20.1103. 

Since that final and binding denial of this claim, there has been no new or relevant evidence submitted concerning this claim. While the appellant has submitted evidence concerning having himself declared a helpless child of the Veteran, he has not submitted any evidence concerning this DIC claim. 

 

Accordingly, because new and relevant evidence has not been provided, this § 1318 DIC claim cannot be readjudicated. 

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K. Pak

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.